GARTMAN & PENDLETON *vs.* HENRY JONES.

Allegations in a bill, to which the defendant does not respond, will be treated by the court as in issue, and a decree will be rendered, according to the proof; but allegations, to which there is no response, and not sustained by proof, are to be disregarded.

Gartman & Pendleton *v.* Jones.

When a vendee knows the condition of the title he is buying, and takes a deed with covenants from the vendor, he cannot protect himself, in equity, from the payment of the purchase-money on account of the failure of title, but must resort to his covenants.

*Stone et al.* v. *Buckner et al.*, 12 S. & M. 73, cited and confirmed.

On appeal from the southern district chancery court at Monticello; Hon. James M. Smiley, vice-chancellor.

The opinion of the court contains a statement of the facts of the case.

*Stone*, for plaintiffs in error.

*Adams & Dixon*, for defendant in error.

Mr. Justice YERGER delivered the opinion of the court.

This was a bill filed by the appellee, to be relieved from the payment of a judgment rendered against him in favor of the appellants, as administrators, &c. of Z. E. Pendleton, deceased; which judgment was rendered on a note given by the appellee to Z. E. Pendleton in his lifetime, for the purchase-money of a tract of land sold by Pendleton to the appellee, by deed, with covenants of general warranty. The appellee was put into possession.

Relief is asked upon the ground, that Pendleton had no title to the land in controversy, which, in fact, belonged to the heirs at law of Joseph Powers, deceased, who have recovered the same from the appellee, by a decree in chancery. The bill also states, that the estate of Z. E. Pendleton, deceased, is embarrassed and insolvent.

In relation to the allegation of insolvency, it may be remarked, that the answer has made no response, either by admission or denial; nor is there any proof in the record upon this subject. In this condition of the case, we are compelled to disregard this allegation in our investigations. By the strict practice of the English chancery court, every allegation in the bill, which was not responded to by the answer, was entirely disregarded, and treated by the chancellor as not in issue between the parties, and no proof whatever was allowed to be offered in relation to it.

This strict rule has been relaxed in the Supreme Court of the United States to the extent of permitting the complainant to make proof of those allegations in his bill, to which the defendant did not respond; and at the hearing, the court would treat them as in issue, and decree according to the proof in relation thereto. But allegations to which there was no response, and which were not sustained by proof, were disregarded. *Young* v. *Grundy*, 6 Cranch, 51.

We look upon this rule of the Supreme Court as the most judicious of the two, and best calculated to attain the ends of justice; and would, therefore, adopt it. But the allegation in this case, of insolvency cannot be noticed by us, under the operation of the more liberal practice indicated, and we are, therefore, compelled to investigate this case without regard to it.

In looking at the remaining allegations of the bill, if we give to them all the force to which they can possibly be entitled, we cannot, on the proof in the cause, decree for the complainant. For, although it may be true that Pendleton, when he sold to complainant, had no title to the land, but that the title thereto was in the heirs of Powers, who have recovered it of complainant, yet the proof in the cause very clearly establishes that complainant, when he purchased, was perfectly acquainted with Pendleton's title to the land, and knew whatever defects existed in it. It likewise shows, that the estate of Powers was indebted to Pendleton in a balance for the purchase-money of this same tract of land, previously sold by Pendleton to Powers; and that complainant made an agreement with a part of the heirs of Powers and with Pendleton, that complainant should pay to Pendleton that balance, and thus exonerate the estate of Powers from liability, and in consideration, therefore, that Pendleton should convey the land by deed to complainant; all of which was accordingly done by the parties, Pendleton releasing the estate of Powers, and conveying to complainant, who gave the note on which the judgment was founded, for the balance of the purchase-money. On this state of facts, this court has heretofore decided, that in executed contracts for land, where the vendee knows the condition of the title he is buying, and takes a deed with covenants from the vendor, he cannot protect

himself, in equity, from the payment of the purchase-money on account of a failure of title, but must rely upon his covenants for protection. *Stone et al.* v. *Buckner et al.*, 12 S. & M. 73.

In the opinion delivered by us at this term of the court, of *Wailes et al.* v. *Cooper et al.*, we expressed our opinion, that the insolvency of the vendor, happening after the sale, would even in the case above stated entitle the party to the interposition of a court of equity; but as the question of insolvency is not before us on the proof in the cause, we need not notice it any further.

We are of opinion that complainant has not made out a case showing himself entitled to relief in equity; and this view of the case renders it unnecessary to investigate the questions presented by the decree of the vice-chancellor dismissing the cross-bill.

Let the decree of the vice-chancellor on the original bill be reversed, the injunction dissolved, and the bill of complaint dismissed.*

* A petition was filed in this case by the counsel for appellees for a re-argument, but was refused by the court.