### GEORGE STOKES v. ELIZABETH H. WINSLOW.

1. BILLS OF EXCHANGE AND PROMISSORY NOTES: PAYABLE TO BEARER: WHEN TRANSFERRED NOT SUBJECT TO EQUITIES BETWEEN THE ORIGINAL PARTIES.—A bill of exchange payable to A. or bearer, constitutes a separate and direct contract between the parties liable thereon, and every person who may afterwards become the lawful holder; and such *bona fide* holder for a valuable consideration, and without notice is entitled to recover on the same, nothwithstanding any equities existing between the original parties. *Craig* v. *The City of Vicksburg, ante,* 216; *Tillman* v. *Ailles,* 5 S. & M. 373.

2. SAME.—The Act of 1822, (Hutch. Dig. 640, ¿ 9,) which allows the defendants to any suit on an assigned bond, note, or other writing, to make against the assignor any defence existing before notice of assignment, which he might lawfully make against the assignor, does not apply to instruments payable to bearer.

IN error from the Circuit Court of Hinds county. Hon. John I. Guion, judge.

A full abstract of the case will be found in Mr. Wharton's brief.

*Freeman* and *Dixon,* for plaintiff in error,

Contended that, as the bill was payable to Kibbee or bearer, the acceptor was liable to any one who might become the holder; and being primarily liable he can set up no want of consideration to the drawer. See Chitty on Bills, 183, 184.

*T. J. Wharton,* for the defendant in error.

The defendant in error accepted a draft of one Marshall, in

favor of one Kibbee; plaintiff in error became the purchaser and holder of said draft, and brought suit on it against the acceptor. The answer alleged that Winslow was an accommodation acceptor only; that the sole consideration upon which said draft was drawn, was the hiring by the drawer, Marshall, of certain negroes from said Kibbee, for the year 1853, for the sum of $500, the amount of the draft; that said draft bears date, and was delivered on the same day the negroes were delivered; that shortly thereafter the said Kibbee deprived the said Marshall of said negroes, without his consent, and in violation of the contract of hiring for the unexpired term, whereby the consideration of said draft has failed, as well in the hands of plaintiff in error, as of said Kibbee; and that defendant in error had been notified by said Marshall not to pay said draft. A demurrer was filed to said answer, which was overruled, a replication was then filed, and the issue submitted to a jury, who returned a verdict in favor of the defendant; a motion was made for a new trial, which was overruled, and the case comes to this court on writ of error. The demurrer was properly overruled. We concede that at common law it should have been sustained. But by our statute, (Hutch. Code, 640, § 9,) the rule in regard to such paper as that sued on has been changed. Its language is too broad to admit of a doubt: "and in all actions commenced and sued upon any assigned bond, obligation, bill single, promissory note, or other writing for the payment of money, the defendant shall be allowed the benefit of all want of lawful consideration, failure of consideration, payments, discounts, and set-offs, made, had, or possessed against the same previous to notice of the assignment, any law, usage, or custom in any wise to the contrary, notwithstanding, in the same manner as if the same had been sued and prosecuted by the obligee or payee therein; and the person or persons to whom such instrument, so payable are assigned, may maintain an action against the person or persons who shall have indorsed or assigned the same, as in cases of inland bills of exchange."

PER CURIAM.—This was an action on a bill of exchange payable to *bearer*, and the only question is whether upon such an instru-

ment, a failure of consideration between the drawer and payee can be set up in an action by the plaintiff, who was not the payee but became the "*bearer*" of the bill, against the acceptor.

It is held in *Tillman* v. *Ailles*, 5 S. & M. 373, that upon an instrument of this character, there is a separate and direct contract between the parties primarily liable on the paper, and whoever may become the holder of it, and that such paper is not within the principle of the statute of 1822, in relation to the assignment and indorsement of instruments of writing for the payment of money; and consequently, the party who becomes the bearer of it in good faith, without notice, and for a valuable consideration, is entitled to recover in an action upon it, notwithstanding any failure of consideration, &c., between the original parties to the instrument. This principle has recently been fully recognized in the case of *Craig* v. *The City of Vicksburg, ante,* 216.

The judgment here is in opposition to this view, and is reversed, and the cause remanded for a new trial.