## PHILIP J. BURRUS et al. v. E. C. WILKINSON.

1. LIMITATIONS, STATUTE OF: COVENANT FOR WARRANTY OF TITLE.—An action of covenant for a breach of a general warranty of title to land, is not barred by the Statute of Limitations.

2. SAME: CONSTRUCTION OF.—The court will not, by judicial construction, extend the provisions of the Statute of Limitations, so as to include within the statutory bar, actions not enumerated in it.

3. BANKRUPTCY: COVENANT OF WARRANTY OF TITLE NOT PROVABLE IN.—A covenant of general warranty of title to land, is not provable as a debt against the covenantor under the Bankrupt Act of 1841; and a final discharge of the covenantor

from all his debts, under the provisions of that act, does not release him from liability on his covenant. See *Bush* v. *Cooper*, 26 Miss. R. 599.

4. COVENANT : WARRANTY OF TITLE.—An action of covenant for a breach of a general warranty of title to land, is not maintainable until after the covenantee or his assignee, have been actually evicted from the premises,—either coercively under legal process, or by a voluntary surrender of the possession to the holder of the paramount title.

5. WARRANTY OF TITLE : BREACH OF.—A sale of the premises, under a decree of the Chancery Court, to satisfy an incumbrance paramount to the title of the warrantor, is not a breach of his covenant for a general warranty of title, without an actual ouster from the possession.

6. SAME.—B. sold to W. certain lands, and covenanted generally to warrant the title; W. sold to a third person with warranty, and the latter went into possession. A decree was rendered against B. and W. and the assignee, ordering a sale of the land to satisfy a lien on it paramount to the title of B.; at the sale, W. purchased and conveyed the title, thus acquired, to his assignee, who remained in possession. *Held*, that there was no eviction or breach of the warranty, and that W. could not maintain his action of covenant therefor.

APPEAL from the Circuit Court of Yazoo county. Hon. E. G. Henry, judge.

A full statement of the case will be found in the opinion of the court.

*Jones* and *Bowman*, for Burrus.

1. The action is barred by the Statute of Limitations. See *Chandler* v. *Villett*, 2 Saund. R. 121 a., n. 4; Ang. on Lim. 73, 74; Ib. 327, § 7; Ib. 226, 239, n. 2; *Bell* v. *Morrisson*, 1 Pet. 351; *Moore* v. *Bank of Columbia*, 6 Ib. 86; *Purdy* v. *Austin*, 3 Wend. R. 187; *Hancock* v. *Bliss*, 7 Ib. 267; *Aylett* v. *Robinson*, 9 Leigh. 45; 11 S. & M. 389; Rawle on Cov. 257, 263, 264; 13 S. & M. 395.

2. The defendants were discharged by the certificate in bankruptcy. Laws of the United States, vol. 5, p. 444; *Shelton* v. *Pease*, 10 Miss. R. 473; *Dean* v. *Speakman*, 7 Blackf. R. 317.

*Yerger* and *Anderson*, on same side.

1. The demurrer should have been extended back and sustained the declaration. The facts therein stated do not show a good cause of action. In this case, there being an express covenant of warranty, the implied statutory covenant arising from the use of

the words " grant, bargain and sell," does not exist. There can be no implied warranty where there is an express one. *Weems* v. *M'Caughan*, 7 S. & M. 427 ; *Hoy* v. *Talliafero*, 8 Ib. 727 ; *Witty* v. *Hightower*, 12 Ib. 481 ; 4 Kent, Com. 469. The express covenant, in this case, is a promise to warrant the title against the claim of all others having a paramount title. It is not a covenant against incumbrances, but simply of warranty of title. This covenant, and the one for quiet enjoyment, are both prospective, and an actual *ouster* or eviction is necessary to constitute a breach of them. 4 Kent, Com. 471, and authorities there cited ; *Clark* v. *M'Anulty*, 3 Serg. & Rawle, 364 ; *Weems* v. *M'Caughan*, 7 S. & M. 423 ; 4 Hill, R. 143.

The facts alleged in the declaration do not amount to an eviction. *Walden* v. *M'Carty*, 3 Johns. R. 471 ; *Shelton* v. *Pease*, 10 Missouri, R. 482 ; *Dennis* v. *Heath*, S. & M. 218 ; *Witty* v. *Hightower*, 12 Ib. 480. The last four of these cases decide the identical point now under investigation. The cases cited by opposing counsel, with the exception of the one in 17 Mass., R. so far from opposing, sustain the above.

The plaintiff's remedy, if he has any, is an action for money paid to defendant's use, or he might probably go into equity. See 10 S. & M. 501 ; 10 Johns. R. 32 ; 7 Wend. 119 ; 7 Mass. 355.

*D. Mayes*, for Wilkinson,

Cited *Dyer* v. *Cleveland*, 18 Verm. R. 24, to show that the defendants were not discharged by their certificates as bankrupts.

*Geo. L. Potter*, on same side.

The demurrer to the answer was properly sustained—none of the points of defence were good.

The first admitted the formal making of the warranty, but claimed that the parties regarded it as not binding. Defendants covenanted, but did not intend to be bound.

The second and third insist on seven years limitation as a bar. There is no pretence to say the bar applied, unless the case is within the seventh section of the Act of 1844. That section limits actions of *covenant* on "any lease under seal," and actions of *debt*

on "any single or penal bill," or "upon any award under seal," or "upon any *condition* for the *payment* of money, or any other thing." If the bar attaches, it must be because this warrantee deed is a *condition* for a *payment* of *money* or some *other thing* within the meaning of the act. Yet there is no condition at all, but a guaranty of perfect title. This is no contract or condition relating to any payment whatever, either of money or any other thing. The case clearly is not within the Act of 1844. The legislature wisely omitted it, and it remains as under the previous statute. This court cannot aid the statute and enforce a bar by intendment —the act is to be strictly construed, and as the courts can exclude no cases, so neither can they include any by mere construction; either would be equally judicial legislation. The decisions of this court against its power to create exceptions to the Act of Limitations and the Statute of Frauds, are conclusive upon this point.

The plea of bankruptcy was no answer to the action. Defendants show their petitions in bankruptcy were filed before there was any breach of the covenant, and do not pretend or aver that the claim was provable under the act. This court has already adjudged the point. *Bush* v. *Cooper*, 4 Cush. 613, 614. Indeed, the breach did not happen until plaintiff was decreed to convey in 1845.

I can see no just ground for the general objection made by defendants to plaintiff's proof; it was clearly competent.

As to the charges asked by defendants, in relation to an eviction, they were properly refused. Plaintiff had bought the land from defendants, and had sold it to Henry Wilkinson, with warranty. The Hopes filed their bill against the defendants and Henry Wilkinson, asserting a paramount claim; they obtained a decree, and the land was sold under it to plaintiff. Henry Wilkinson sued the plaintiff in equity, and compelled him to convey the title so acquired under the Hopes decree. Here was no actual eviction, but something equivalent. The fact of a defect of title had been judicially declared in a suit against the defendants and the grantee of plaintiff. Actual eviction need not be shown, but proof of something equivalent is sufficient. *Glen* v. *Thistle*, 1 Cush. 51, 52; 12 S. & M. 478; *Hamilton* v. *Cutts*, 4

Mass. 349; *Sprague* v. *Baker*, 17 Mass. 590; *Mitchell* v. *Warner*, 5 Conn. 521; 4 Hill, 646; Rawle, Cov. Tit. 216 *et seq.*; 2 Lomax, Real Prop. 273, 274.

Defendants and the vendee of plaintiff, were decreed against on a paramount claim, and the land sold; then plaintiff, the purchaser under that decree, was compelled to convey to his vendee the title so acquired. Under such circumstances, defendants are precluded from denying a breach of covenant.

Defendants have no cause of complaint, and the judgment should be affirmed on their appeal; but the plaintiff also appeals. The purchase made by plaintiff from defendants, was for $1000 cash paid. The court charged for defendants that plaintiff could recover only the $625 paid by him at the sale under the Hopes decree, and interest thereon. The general rule is that the money paid on the purchase, in which the warranty was made, with interest, costs, &c., is the amount recoverable; and the plaintiff can claim nothing for improvements, &c. *Stark* v. *Ten Eyck*, 3 Caines, 111; 13 Johns. 50; *Stout* v. *Jackson*, 2 Rand. 132; 2 Leigh, 451; 4 Kent. 474, 475; 2 Lomax, Real Prop. 274, 275.

Any rule that may be established in such a case, must be in some degree arbitrary. As the rule stands, vendees more frequently lose than gain by it. It is true policy to adhere to whatever rule is established; and I can see no cause to depart from it in a case like this. If the land had greatly increased in value, the loss of the plaintiff might have been great; and if he happens to gain somewhat in this particular case, the defendants cannot complain. It is said to be a poor rule that does not work both ways; and if plaintiff must have borne his loss in silence under the operation of the general rule, it does not become defendants to complain when the result is against them.

HANDY, J., delivered the opinion of the court.

This was an action at law brought by the defendant in error, against the plaintiffs in error, on the 24th of March, 1853, for a breach of general warranty of title of certain lands conveyed by the defendant in error to the plaintiffs, by deed dated 10th of January, 1837.

The complaint alleges that the plaintiff below, after the purchase, went into possession; and in May, 1839, sold and conveyed the premises to one Henry Wilkinson, by deed with general warranty of title, who entered upon and took possession of the land; that he sued Henry Wilkinson for the purchase-money, and was enjoined by him in chancery from proceeding to collect it; that afterwards certain heirs of one Hope filed their bill in chancery, stating that the Burruses had purchased the lands in February, 1836, under an order of sale of the Probate Court on credit, and that the purchase-money thereupon remained unpaid, and seeking to subject the land to the payment thereof, the Burruses and Henry Wilkinson being made defendants in that bill; that a sale was accordingly decreed, and the lands sold in April, 1842, in pursuance of the decree, and purchased by the plaintiff, who received a deed from the commissioner who made the sale, and the sale was duly reported and confirmed; that in the suit in chancery by Henry Wilkinson, the plaintiff was decreed to convey the lands to him or to his heirs, which he accordingly did on the 24th of January, 1845. Hence, it is alleged, that Henry Wilkinson, the plaintiff's assignee, has been evicted by title paramount, and that the covenant is broken.

The defendants pleaded. First. That they purchased the lands when sold under the order of the Probate Court, under a prior agreement to purchase them for the plaintiff; that they were inadvertently conveyed to the defendants, but that it was not intended when they made the deed to the plaintiff that they should warrant the title; that the plaintiff never paid them, nor became liable to pay them any thing for the land, and that the deed was never delivered by P. R. Burrus. Second. That the cause of action did not accrue within seven years. Third. That they did not covenant within seven years. Fourth. That they filed their petitions to be declared bankrupts in March, 1842, and were discharged from all their debts in November, 1842, and certificates granted them.

The plaintiff demurred to these several pleas, and the demurrer was sustained. And as to the first and third pleas, the defendants pleaded over, *general performance of covenant;* upon which the

plaintiff joined issue, and the verdict and judgment were for the plaintiff.

It is not denied that the demurrer to the first plea was properly sustained; and the first question, then, arises on the demurrer to the second and third pleas; and that question is whether an action for breach of general warranty of title in a deed of conveyance is barred by the lapse of seven years after the cause of action accrued. If it is barred, it must be under the seventh section of the Act of 1844, Hutch. Dig. 830. The actions specified in that section are, " actions of covenant for rent, or arrearages of rent, founded on any lease under seal; actions of debt upon any single or penal bill for the payment of money or any other thing, or upon condition for the payment of money or any other thing, or upon any award of arbitrators for the payment of money or any other thing." It is clear that this cause of action is not embraced in any of those enumerated in this section. Those specified are well defined, and wholly different from the present action; and there is no power in the courts to extend the statute by construction to cases clearly not within the enumerated classes.

The defence under the plea of bankruptcy comes within the rule laid down in *Bush* v. *Cooper*, 26 Miss. 599, and the demurrer to that plea was properly sustained.

But the main question raised by extending the demurrer to these pleas back to the plaintiff's declaration, and also by the instructions asked in behalf of the defendants, and refused by the court, is, whether the facts stated in the declaration, and which were substantially proved by the evidence, constitute such an eviction as to entitle the plaintiff to recover upon the covenant of general warranty.

This covenant is an express one, which excludes any covenant by implication. It is a covenant to *warrant the title against the claims of all persons, claiming by title paramount;* the nature of which is well defined in law to be entirely distinct from a covenant against incumbrances.

It is admitted by counsel that in order to recover upon a breach of such a covenant, it is necessary to show an eviction by a superior title. But it is said that an actual eviction by judicial process

need not be shown, and that the condition of the plaintiff was equivalent to an eviction, and entitled him to sue upon his covenant.

We do not consider this position tenable. It is true that the covenantee may recover upon such a warranty, though he may have yielded the possession voluntarily, provided the title to which he yielded be good and paramount to that of his warrantor; because against such a title he is not obliged to submit to a law suit, upon a claim which must certainly prevail. But in such a case, the burthen of proof of the paramount title is upon him. *Hamilton* v. *Cutts*, 4 Mass. 350; *Greenwalt* v. *Davis*, 4 Hill, (N. Y.) 643.

But where the covenantee has not yielded the possession, either coercively or voluntarily, and remains in the enjoyment of the premises, it would be doing violence to the well settled nature of the contract to allow him to recover as upon a breach of the covenant, merely because he had seen fit to purchase in an outstanding title under which he might have been ousted. And the possession of his assignee and covenantee is equivalent to his possession. If the covenantee or his assignee had yielded voluntarily to the paramount title, they might then have sued upon the covenant, upon showing the superiority of the outstanding title. But without an actual surrender of the possession, or a legal eviction, no action could be maintained for a breach of the covenant, unless a purchaser can be permitted to buy in an outstanding incumbrance or title, and set it up to defeat his purchase; which, it is firmly settled in this court, cannot be done. *Hardeman* v. *Cowan*, 10 S. & M. 487; *Champlin* v. *Dotson*, 13 Ib. 553; *Bush* v. *Cooper*, 26 Miss. 612; *Hill* v. *Samuel*, at last term. Until the purchaser has yielded possession to the superior title, and been dispossessed thereby, the contract of purchase must be considered as in existence; and any outstanding title acquired by him or his assignee, who is in privity with him, and the beneficiary of the covenant in his deed, cannot amount to an eviction but will be treated as a purchase of an outstanding title, which cannot be used in disparagement of the title derived from the original purchase.

In the case of *Witty* v. *Hightower*, 12 S. & M. 478, which strongly resembles this case, and which is decisive of the point

under consideration, it is said, " the plaintiff has remained in possession, and" (having purchased in the outstanding paramount title) " there is no one who can disturb him. All the conflicting titles are united in his hands. If, in purchasing, he failed to protect himself by covenants, which would embrace his case, the law cannot extend them beyond their actual import." In that case the covenant sued upon was similar to that before us, and the attitude of the parties was substantially the same as in this case. The only difference between the two cases consists in the fact that the covenantee remained in possession, having purchased in the outstanding title in that case; and in this, he has conveyed to a third person with covenant of general warranty. But in this case, the covenant to the plaintiff " and his assigns," enured to the benefit of his vendee, and the privity between them was complete; and certainly the plaintiff cannot be heard to complain of a breach of the covenant, when his vendee in possession would not be allowed to do so.

The position contended for in behalf of the plaintiff would lead to this result : a purchaser might sell the premises to a third person, with covenants of warranty, and for a full price, and then purchase in an outstanding incumbrance, and without being deprived of the possession, either by himself or his vendee voluntarily yielding it to the paramount title, or being legally dispossessed thereby, he could recover from his covenantee the full amount of the purchase-money paid by him in addition to the purchase-money received by him from his vendee. This would be to enable him to recover to a much greater amount than he had sustained damage, and to allow him to buy in an outstanding incumbrance to the prejudice of his vendor, and recover back his entire purchase-money, without an abandonment of the contract, and when he had never been dispossessed. Against such a result the rule wisely interposes, that a purchaser shall not sue for a breach of covenant of general warranty, while he has not been dispossessed of the premises, either by judicial process, or by actual yielding of the possession to a paramount title. *Witty* v. *Hightower*, 12 S. & M. 478; *Waldron* v. *M'Carty*, 3 Johns. R. 471; *Greenvault* v. *Davis*, 4 Hill, 646.

VOL. II.—35

If this view of the subject be correct, it follows that, however the plaintiff may have been entitled to recover in any other form of action, he could not maintain this action; and that the declaration was insufficient, and that the demurrers should have been extended back to it, and sustained.

The judgment is therefore reversed, and judgment ordered upon the declaration for the defendants below.