THOMAS W. WINSTEAD v. FRANCES DAVIS, Administratrix.

1. VENDOR AND VENDEE.—A purchaser of land, in possession under a deed containing covenants of warranty, cannot avoid the payment of notes given for the purchase, by setting up an outstanding title in a stranger.
2. VENDOR AND VENDEE: REPRESENTATIONS BY VENDOR THAT HE HAS GOOD TITLE: EFFECT OF.—The representations by a vendor, that he has a good title to the land conveyed, is no more than is stated in a more solemn form when he executes a deed with covenants of warranty; and such representations, when there is an outstanding title, will not enable a vendee, in possession under a deed with covenants of warranty, to avoid the payment of the notes given for the purchase of the land.
3. PROMISSORY NOTES : PAYABLE TO BEARER.—In a suit by the holder of a note, payable to bearer, no defense existing between the original parties can be set up in bar of a recovery, unless it be shown that the plaintiff is the holder of the note without valuable consideration, or with notice, actual or constructive, of the equities existing between the original parties.
4. PROMISSORY NOTES: HOLDER OF, PRESUMED TO BE BONA FIDE AND FOR VALUE.— The holder of a promissory note is *primâ facie* a *bonâ fide* holder, and for value.

ERROR to the Circuit Court of Rankin county. Hon. John Watts, judge.

*George W. Shelton* and *George L. Potter*, for plaintiff in error, cited *Vick* v. *Pereg*, 7 S. & M. 256 ; *Walker* v. *Gilbert*, Ib. 456 ; *Hoy* v. *Taliafero*, 8 Ib. 727 ; *Duncan* v. *Lane*, Ib. 744 ; *Gilpin* v. *Smith*, 11 Ib. 109 ; *Heath* v. *Newman*, Ib. 202 ; *Dennis* v. *Heath*, Ib. 206 ; *Fiemster* v. *May*, 13 Ib. 275 ; *Wiggins* v. *McGimpey*, Ib. 532 ; *Johnson* v. *Jones*, Ib. 580 ; *Wailes* v. *Cooper*, 24 Miss. R. 208 ; *Phipps* v. *Tarpley*, 31 Ib. 433 ; *Hardleman* v. *Cowan*, 10 S. & M. 486 ; *Champion* v. *Dotson*, 13 S. & M. 553 ; *Hill* v. *Samuel*, 31 Miss. R. 307.

*Harper* and *Shelley*, for defendant in error, cited 10 S. & M. 313 ; 13 Ib. 599 ; 35 Miss. R. 580 ; 36 Miss. R. 458.

ELLETT, J., delivered the opinion of the court.

This action was brought by the plaintiff in error, upon a promissory note, payable to J. G. Williams, or bearer. The defendant pleaded, first, that the allegations contained in plaintiff's declaration or complaint are untrue, which we suppose was intended for a plea of *non assumpsit ;* and, second, that the note sued on was given for the purchase-money of a tract of land described in the plea, which it is alleged Williams, the payee named, on the day of the date of the note, fraudulently represented to *plaintiff* that he owned in fee simple, and which he conveyed and warranted to *defendant*, well knowing that the fee was in one Bennett, who holds the land under a patent from the United States; and that Williams and plaintiff combined together to defraud him, and that the plaintiff well knew, at the time he became the holder or bearer of the note, that the same was given without consideration, and was obtained under fraudulent representations, and was therefore void; and that plaintiff passed the note to Maxey, who demanded payment of it, which defendant refused for the reasons above stated. · The plaintiff filed two long replications to the said second plea, in which may be found, amidst a mass of irrelevant and redundant matter, a denial of the fraudulent representations alleged in the plea, and of any knowledge of such representations on the part of the plaintiff.

The case was submitted to the jury on the evidence, without instructions, and a verdict was found for the defendant, which the court, on motion, refused to set aside.

The pleadings and proof present only the ordinary case, so often before this court, of a purchaser of land, with a deed containing full covenants of warranty, seeking to avoid the payment of the purchase-money by setting up an outstanding title in a stranger, without having been evicted or disturbed in his possession. The averment that the vendor fraudulently represented his title to be good, if it could possibly make any difference in case it were true, is wholly unsustained by proof. The fact that he stated in the course of the negotiation, that he had a good title (or a " good deed," as the witnesses state it), and

Winstead *v.* Davis.

that he could make a " good deed" to the purchaser, is no more than he stated in a more solemn form in the deed itself, and the evidence is very convincing that he believed the statement to be true, and that he made it in good faith, and without any knowledge or suspicion that his title was defective. The verdict, therefore, would have been clearly wrong if the suit had been between the original vendor and his vendee.

But there is an additional reason why the verdict was erroneous, as between the parties to the record. The note was payable to Williams, or bearer, and the suit was brought by the plaintiff as the bearer of it. In such a case, it is settled by this court, that the bearer does not hold the note by assignment, but derives his title from the very terms of the express contract which the maker has issued to the world, that whoever shall become the *bonâ fide* holder of the instrument, shall be entitled to receive the money therein agreed to be paid; and that in a suit by the bearer of a note so payable, no defense existing between the original parties can be set up in bar of a recovery, unless the defendant shows that the plaintiff became the holder without valuable consideration, or with notice, actual or constructive, of the facts relied on for that purpose. *Craig* v. *the City of Vicksburg*, 31 Miss. 276. The holder of a note is generally presumed to be *primâ facie* a *bonâ fide* holder, and for value. In this case there is no evidence to impeach the title of the plaintiff. It is not pretended that he did not give value for the note, or that he had any notice of the original consideration upon which it was founded, or of the want of title to any portion of the land, until after he became the holder, and after the note fell due. Without such proof, he could not be affected by any defense of fraud or failure of consideration existing between the original parties.

For these reasons the judgment will be reversed, the verdict set aside, and a new trial granted, and the cause remanded for further proceedings.