## J. L. Wofford et al. v. J. W. Ashcraft et al.

1. COVENANTS OF TITLE—INSOLVENCY OF VENDOR—EVICTION.—Equity will not relieve a purchaser, in possession under warranty deed, from payment of the purchase money in the absence of fraud, on the ground of defect of title, unless there has been an eviction, or unless the covenants of title afford no indemnity by reason of the insolvency of the vendor.

2. EQUITY—PARTIAL FAILURE OF CONSIDERATION.—In equity, where the insolvency of the vendor is proven, an incumbrance should be treated as a failure of consideration, *pro tanto,* and the purchaser allowed a reduction therefor from the purchase money.

3. PLEADING—PROOF.—The burden of proving all affirmative allegations in an answer devolves upon the respondent.

4. DECREE.—Where the complainant held notes as collateral security for a debt due from the appellants, it was error to direct the payment of the full amount of the notes to him; the surplus, after paying the debt, should have been decreed to be paid directly to appellants.

5. PRACTICE—ORDER OF REFERENCE.—When a cause is referred to a master to state an account of the value of personal property, he should be instructed to take testimony on the question of value, or the testimony may be taken before the cause is referred.

APPEAL from the chancery court of Holmes county. HOOKER, Chancellor.

The opinion of the court sufficiently states the case.

The following errors are assigned:

1. The court erred in rendering the final decree on the state of pleadings and proof in the cause.

2. It was error to reserve $2,000 of the purchase money to meet the alleged incumbrances.

3. There is no proof to sustain the final decree or to sustain the report of the commissioner.

4. It was error to direct the payment of the entire amount of the notes to complainant and McDonald; the surplus should have been decreed to appellants.

*Johnson & Johnson,* for appellants.

The final decree rendered in the cause is erroneous, and injurious to the interests of the appellants.

Under Wyatt's bill, a lien was decreed on the lands for the three obligations, for the delivery of cotton held

by Wyatt and McDonald, as collateral security for debts due them respectively from the appellants; the amount due on these cotton contracts amounted to $6,398.71.

The decree provides that $2,000 of this sum was to be reserved to cover two incumbrances alleged by the vendees to exist upon the land. The amount of the purchase money ordered to be paid at once, and for which a sale of the land was decreed, as well as the remaining portion, viz. : The sum of $2,000, in the event the incumbrances did not exist, were to be paid directly to the complainant and to McDonald, although they held the obligations or cotton contracts merely as collateral security for their debts, and notwithstanding the fact that the appellants were parties of record in the cause.

The court erred on both these points.

The vendees, Owen and Ashcraft, were in peaceable and quiet possession of the lands, under a deed from the appellants containing full covenants of warranty of title, and had never been evicted.

It is clear that the alleged incumbrances constituted no defense to their obligation to pay the purchase money. They elected their indemnity in taking the covenants of title in the deed, and this constitutes their only remedy. Vick v. Percy, 7 S. & M. 268 ; Anderson v. Lincoln, 5 How. (Miss.) 284 ; Winstead v. Davis, 40 Miss. 787.

In a case free from fraud, and in which it is not shown that the vendor is insolvent, the vendee's remedy is upon the covenants of warranty. Guice, Adm'r v. Sellers, 43 Miss. 52.

This principle of law was appreciated by the vendees, and hence the allegation in their answer of the insolvency of the vendors.

This allegation, however, is not responsive to the bill. It is purely affirmative, and should have been established by proof; and the burden of proving this

new matter devolved upon the respondents.   There was no evidence taken in the cause touching this question.

The court, therefore, erred in assuming the fact of the insolvency of the appellants, and predicating the final decree on such assumption.

Again, there was no evidence to establish the averments that the incumbrances existed.

The claim of the board of police had not been finally adjudicated at the time the answer was filed, but was pending on appeal in this honorable court, and might never have been held to be a lien on any part of the lands.

There was no decree of the probate court of Holmes county, subjecting any part of the lands to the claims of the creditors of Mrs. Evans.   And there was no allegation of the insolvency of that estate, or deficiency of assets to pay its debts.

These alleged incumbrances embraced but a small portion of the lands sold to Owen and Ashcraft.   And though the fact of the existence of incumbrances was not established, and though there was no evidence in the case upon which the court could ascertain the value of the small portions incumbered, still $2,000 as a conjectural sum is ordered to be reserved indefinitely.

It was error to direct the payment of all the money decreed to be due, to be made to the complainants and McDonald.   They held the cotton contracts merely as collateral security for the debts due from appellants. They were therefore entitled to payment of their debts, and nothing more.   Instead of leaving the appellants to settle with them for the surplus, the decree should have directed payment of the surplus to the appellants again; there is nothing in the record to show that the estimate of the commissioner of the value of the cotton was based on any evidence taken in the cause.   If the testimony had not been taken before the order of reference was made, the commissioner should have pro

ceeded to take the proof, after giving the parties proper notice. As the better practice, the court should have expressly directed him to take proof on the question of value before stating the account.

SIMRALL, J. :

The appellants complain of the decree, because there is reserved out of the moneys which may be produced by sale of the premises, $2,000, on account of an incumbrance on part of the land, in favor of the board of supervisors of Holmes county, and a claim on another small fraction of the land claimed to be part of the estate of Susan A. Evans, and liable to be sold by her administrator for the benefit of her creditors.

Wofford and wife had sold the lands mentioned in the pleadings to Ashcraft and Owen for $2,000 cash and sixty-three bales of cotton, to weigh 500 lbs. each, to be delivered (one-third) twenty-one bales, 1st December, 1867; twenty-one bales 1st December, 1868, and twenty-one bales 1st December, 1869. In the deed of conveyance a special lien is reserved, to secure the fulfillment of these obligations to deliver cotton. Wofford and wife assigned the obligation, due December 1, 1868, to A. W. Donald, administrator. The other two obligations were assigned to F. M. Wyatt, the complainant, as collateral security for $2,500, money loaned by him to the appellants.

Ashcraft and Owen, in their answer, set up as defense against part of the debt claimed from them, that a portion of the land purchased by them was incumbered by Wofford and wife to the board of police of Holmes county, to the extent of $1,275, and that a suit was pending to enforce it. Also, that Wofford and wife derived title to another small portion of the land from the heirs of Susan A. Evans, deceased, and that her administrator had instituted proceedings in the probate court to sell the same for the creditors of her estate.

They also allege that the appellants are insolvent, and, therefore, the covenants of their deed afford no indemnity for the threatened loss of these portions of the land.

The defense offered by Ashcraft and Owen rests upon well defined principles, which have been the subject of frequent discussion and application in this court. If the vendor has practised no fraud or deceit, a court of equity will not relieve from the contract to pay the price, on the ground of a defect of title, unless there has been an eviction. Vick v. Perry, 7 S. & M. 268. The principle had been stated in the earlier cases of Anderson v. Lincoln, 5 How. (Miss.) 284; so, also, Gilpin v. Smith, 11 S. & M. 129; Winstead v. Davis, 46 Miss. 786; Guice v. Sellers et ux, 43 ib. 56. The vendee has elected his security in the covenants of the deed, and is held to them, unless it is made satisfactorily to appear that they afford no indemnity by reason of the insolvency of the vendor.

Ashcraft and Owen allege the insolvency of the appellants, also the pendency of a suit by the board of police to foreclose their incumbrance, and proceedings instituted in the probate court by the administrator of Susan A. Evans, to turn the land, derived through her, into money for creditors. It is, perhaps, universally true, that a defendant who, by plea or answer, obviates a *prima facie* case made against him by the plaintiff, by the adduction of new and affirmative matter, must sustain the one or the other by evidence. Such allegations are not responsive to the charging part of the bill. The defendant can take no advantage from such defense unless proved.

The cause was submitted, at the final hearing, on the answer of Ashcraft and Owen, the answer of McDonald, administrator, who claimed and exhibited title to one of the obligations by assignment, and *pro confesso* against Wofford and wife. No testimony is in the record tend-

ing to prove the new matter set up by Ashcraft and Owen. There was no predicate then upon which relief could be afforded them.

The allegation in the answer, that there is a prior incumbrance on a part of the lands, which the board of police is pressing by suit, is, if proved, a failure of consideration *pro tanto*, which ought to be allowed to Ashcraft and Owen, if, as averred, the appellants are insolvent. If, too, the estate of Mrs. Evans is insolvent, and a right exists under the law in her administrator to convert the land, which descended to her heirs, into money to pay debts, there would be a failure of title and, *pro tanto*, of the consideration of the debts, for which Ashcraft and Owen ought to receive credit, this objection extends only to a portion of the land. The averment of these facts in the answer is no predicate for relief. They are utterly unavailing, unless proved.

If Ashcraft and Owen preferred this defense, in good faith intending to rely upon it, they were premature in going to final hearing, having made no preparation by proof to get the advantage of.

The decree is erroneous in another particular. The assignment of two of the obligations to the complainant was as a security for the debt of $2,000, which he had loaned the appellants. The sum due upon these obligations, as reported by the commissioner who stated the account, is largely in excess of the debt of the appellants to the complainant. When the complainant shall receive out of this collateral indemnity enough to discharge the debt of appellants to him, he has no further concern or interest in them. The decree ought to have been so ordered as to provide first for the payment of this debt to the complainant, and the surplus should be paid over to Wofford and wife. If Ashcraft and Owen make a voluntary payment, which they should have opportunity to make, or if the money is produced by sale, and there should be a surplus, it should go to the

appellants. If Wofford and wife had at any time discharged the principal debt to the complainant, the assignment would have been annulled, and they would have been immediately restored to their original right to the obligations. When enough shall be raised out of these securities, either by voluntary payment or sale of the land, to satisfy the principal debt, the excess should be appointed to be paid to the appellants, instead of permitting the entire fund to go to complainant, and remitting the appellants to him for settlement, as to the balance. The decree ought to have been specific in giving that direction.

There ought to be testimony ascertaining the value of cotton, at the respective times Ashcraft and Owen covenanted to make delivery. That testimony may be taken before the cause is referred, or the commissioner should be instructed to make the inquiry and report.

The cause ought to be remanded to the rules, so that proof may be taken as to the incumbrances on the title, set up in the answer of Ashcraft and Owen, so that justice may be done on that point.

For the errors herein indicated, the decree is reversed and the cause is remanded for further proceedings.