## S. T. BROWN *v.* UNION BANK.

BILLS AND NOTES.  *Actions by indorsee against maker or acceptor.  Defenses.  Section 1124, Code 1880, construed.*

Section 1124 of the Code of 1880 provides that "all promissory notes, and all other writings for the payment of money, or other thing, may be assigned by indorsement, whether the same be payable to order or assigns, or not, and the assignee or indorsee may maintain such action thereon in his own name as the assignor or indorser could have maintained; and in all actions on any such assigned promissory note, bill of exchange, or other writing for the payment of money or other thing, the defendant shall be allowed the benefit of all want of lawful consideration, failure of consideration, payments, discounts, or sets-off in the same manner as though the suit had been brought by the payee." This provision applies to instruments of writing negotiable at the common law, as well as those made so by it; so that the maker of a promissory note or acceptor of a bill of exchange, payable to order, when sued thereon by an indorsee may interpose all such defenses mentioned in the statute as existed between him and the payee before notice had by the former of the assignment of the paper sued upon.

APPEAL from the Circuit Court of Copiah County.

HON. T. J. WHARTON, Judge.

The Union bank [of what place does not appear by the record herein] sued S. T. Brown, as the maker of a promissory note and the acceptor of a bill of exchange. The note was payable to the order of T. L. Catchings & Co., the bill was drawn on Brown by K. Penrose & Co., payable to their order and accepted by him, and before maturity both the note and bill were indorsed in blank by the respective payees thereof and delivered to the Union Bank. Brown pleaded specially in substance that before the maturity of the note and bill sued on, and before notice to him of any assignment thereof, the payees of the note were indebted to him in a greater sum than that specified in the note, and the payees of the bill were indebted to him in a larger amount than that named in the bill, and he claimed the benefit of such indebtedness and pleaded the same as a set-off to the action.

To this plea the bank demurred, on the ground that the plea constituted no defense to the action. The demurrer was sustained, and Brown declining to plead further, judgment was taken against him and he appealed.

*Jo. Purser*, for the appellant.

I rely on § 1124 of the code. The plea is plainly good, since, under the express provisions of this statute, it sets off a debt due Brown from the payees of the two ` pieces of commercial paper existing before they matured and before notice of assignment.

The statute is specific, and my construction has been, since its adoption, the universally recognized law of the State by the profession.

*H. C. Conn* and *Calhoon & Green*, for the appellee.

Our position is that the note and the bill of exchange, being both payable to order, were negotiable at common law, and that therefore the indorsee held them free from equities or set-offs held against the payees.

There was no necessity to create a negotiability in notes payable to order or bearer; the language used in the first part of § 1124 manifestly is creative or enabling. "All promissory notes, etc., *may be assigned.*" Having thus created an assignability, the manner is then prescribed, viz.: "by indorsement." Then to specify and describe the instrument meant it is stated "whether the same be payable to order or assigns or not," *i. e.*, when they are not assignable by their terms ; it is equivalent to saying notwithstanding they have no words of assignability. The assignability was to be expressed, and as paper containing these words had that effect they were used to express it. If "all" promissory notes were meant, why not omit this clause altogether and let the statute read : "All promissory notes, etc., may be assigned by indorsement, and the assignee or indorsee may maintain such action thereon in his own name as the assignor could have done"? This shows that the insertion of this clause was a limitation and not an expansion of the term *all*, if, indeed, "all" permits of expansion. This is further evidenced by the protection of the defenses existing against paper payable to a party without words of negotiability ; these defenses are reserved as to the payee, the only party to whom they were available at common law.

Manifestly the statute intended only to treat of that paper which the commercial law did not recognize, and to liken the rights and

remedies thereon to those existing for commercial paper or " inland bills of exchange."

ARNOLD, J., delivered the opinion of the court.

The demurrer should have been overruled. The plea brought the defense within the terms of the statute, which provides that " all promissory notes, and all other writings for the payment of money or other thing, may be assigned by indorsement, whether the same be payable to order or assigns or not, and the assignee or indorsee may maintain such action thereon in his own name as the assignor or indorser could have maintained ; and in all actions on any such assigned promissory note, bill of exchange, or other writing for the payment of money or other thing, the defendant shall be allowed the benefit. of all want of lawful consideration, failure of consideration, payments, discounts, and set-offs made, had, or possessed against the same previous to notice of assignment in the same manner as though the suit had been brought by the payee ; and the assignee or indorsee of any such instrument may maintain an action against the person or persons who may have indorsed the same, as in case of inland bills of exchange." Code, § 1124.

A construction of this statue, which excludes from its operation all instruments which were before negotiable, would give but partial effect to its provisions. " All promissory notes and all other writings for the payment of money or other thing, whether the same be payable to order or assigns or not," includes negotiable as well as non-negotiable instruments. No distinction is made by the statute between the two. Each is embraced in its terms, and one as much so as the other. If previously negotiable, such instrument became at once, under the statute, subject to the equities therein specified. If not previously negotiable or assignable by indorsement they are invested with that quality by the statute, so that the assignee or indorsee may sue thereon in his own name, subject to the equities aforesaid.

The assignee or indorsee of such paper, whether immediate or remote, and whether he becomes such before or after maturity, takes

the same subject to such of said defenses as may exist between the original promisor and payee prior to notice to the former of the assignment. *Etheridge* v. *Gallagher*, 55 Miss. 458.

An instrument of the class referred to in the statute, when made payable to bearer, is an express contract by the promisor to pay the amount specified to whoever may become the *bona fide* holder thereof, and for this reason is not affected by the provisions of the statute. *Stokes* v. *Winslow*, 31 Miss. 518; *Winstead* v. *Davis*, 40 Miss. 785.

*Reversed.*