STOKELY *v.* COOPER *et al.*\*

(Division A.   April 9, 1928.)

[116 So. 538.   No. 26920.]

\*Corpus Juris-Cyc. References: Vendor and Purchaser, 39Cyc, p. 1932, n. 96; On the general rule as to incumbrance undischarged and unenforced as affecting right to damages under a covenant against incumbrance, see annotation in 44 A. L. R. 410; 7 R. C. L. 1184; 6 R. C. L. Supp. 478; 7 R. C. L. Supp. 256.

*Geo. Butler* and *Green, Green & Potter,* for appellant.

*R. H. Thompson,* for appellee Cooper.

150

*Powell, Harper & Jiggitts,* for appellee Mosely.

Cook, J. This suit was instituted in the chancery court of the First judicial district of Hinds county by Mrs. Ella Rawles Reader Stokely, formerly Mrs. Ella Rawles Reader, seeking to enjoin Tim E. Cooper, Niles Moseley,

and A. Y. Harper, substituted trustee, from foreclosing a certain deed of trust executed by the complainant in favor of the defendant Cooper. A temporary injunction was issued, and at the final hearing this injunction was dissolved, damages awarded, and the bill of complaint dismissed, and from this decree, this appeal was prosecuted.

The facts shown by the pleadings and proof are substantially as follows:

The land involved in this suit is a two hundred six and seven-tenths acre tract, lying just north of the city of Jackson. In November, 1916, Mrs. R. M. Griffin sold and conveyed this land, with other lands, to Royal Trawick, and Trawick executed a deed of trust on said land to secure twenty purchase-money notes due and payable annually, the first three being for one thousand and fifty dollars each, and the remaining seventeen being for one thousand dollars each, all bearing interest at the rate of six per cent. per annum from maturity. Thereafter, by mesne conveyances, George C. Swearingen and T. E. Cooper became the owners of this land, and assumed the payment of the indebtedness due Mrs. Griffin, and, on January 9, 1923, by written agreement, the lands were partitioned between the said Swearingen and Cooper, Cooper becoming the sole owner of the lands involved in this controversy. Under this agreement, Swearingen assumed the payment of the entire balance of the purchase money then due Mrs. Griffin, and a vendor's lien was reserved on the land conveyed by Cooper to Swearingen to secure the payment of the balance of the Griffin indebtedness.

Thereafter Swearingen sold to Mrs. Cully a portion of the land that had been conveyed to him, and she likewise assumed the payment of the indebtedness to Mrs. Griffin. On the 4th day of November, 1924, the defendant, Tim E. Cooper, for a consideration of fourteen thousand dollars of which one thousand four hundred dollars was.

paid in cash, conveyed the land involved in this suit to the complainant. For the balance of the purchase money, the complainant executed nine promissory notes of one thousand four hundred dollars each, payable annually for nine successive years, and to secure the payment of these notes she executed, in Cooper's favor, a deed of trust on the land. The deed from Cooper to the complainant was a general warranty deed, and the complainant immediately went into possession of the land. Cooper has paid or caused to be paid at maturity all of the Griffin notes that have become due, leaving ten of said twenty notes still unpaid, none of which are yet due.

At the time of her purchase of the property, the complainant was fully advised as to the outstanding incumbrance in favor of Mrs. Griffin, and she offered testimony tending to show that, before the conclusion of the sale and her acceptance of the general warranty deed, Cooper verbally promised to secure a release of the property sold to her from the deed of trust in favor of Mrs. Griffin. This release has not been secured, and there is testimony tending to show that Mrs. Griffin refused to accept payment of the balance of the notes before their maturity, and refused to release any part of the property. After the first one of the notes executed by the complainant to the said Cooper had become due and was unpaid, Cooper assigned all the series of notes to the defendant Niles Moseley, and, after two of the notes were past due and unpaid, in pursuance of the authority conferred by the terms and provisions of the deed of trust securing the payment of such notes, the said Niles Moseley, assignee of the notes and deed of trust, declared the entire indebtedness due and payable, and appointed a substituted trustee in the deed of trust, who advertised the property conveyed thereby for sale to satisfy the indebtedness.

Upon the advertisement of the property under this deed of trust, the complainant filed her bill in the chan-

cery court against Tim E. Cooper, Niles Moseley, and the substituted trustee, seeking to restrain them from collecting said notes, foreclosing said deed of trust, or assigning said notes and deed of trust, until the incumbrance thereon in favor of the said Mrs. R. M. Griffin was satisfied and discharged; and also prayed that the defendant, Cooper, be required within a reasonable time to specifically perform his obligation and undertaking to remove said incumbrance, and that a receiver be appointed to take charge of and hold the purchase money due by her for said property until said incumbrance is discharged and removed.

The bill of complaint set forth the facts as to the purchase of the land by her, as above stated, and averred that before she accepted the deed, Cooper agreed to have the property released from the Griffin deed of trust, and represented to complainant that he had arranged for such release; that relying upon this representation she accepted the deed, made the cash payment, and executed and delivered the notes and deed of trust securing the same. It was further averred that the complainant desired to retain the property, and is able, ready, and willing to pay the notes at such time as the said Cooper shall clear the title to the property by securing a release from the deed of trust in favor of Mrs. Griffin; that she had theretofore offered to pay the past-due notes and interest whenever the said Cooper cleared the title to said property by securing the said release; and that if the said property was sold, as advertised, she would be irreparably damaged by reason of the facts that she would lose the cash payment made by her, the taxes for the year 1925, and the profit which had accrued to her on account of the enhanced value of the property.

By an amendment to the bill of complaint, among other things, it was averred that the covenant of freedom from incumbrances contained in the warranty deed from Cooper to the complainant was a personal covenant, and

was breached immediately upon the execution and delivery of said deed; and that complainant's right of action against the said Cooper for and on account of said covenant would be barred in six years from the date of said deed, and before all of the Griffin notes had matured; and that if default should be made in the payment thereof after the lapse of six years from the date of said deed, and the complainant should be forced to pay the remaining notes or should be disturbed in or ousted of her possession and title by reason of her failure to pay the same, she would have no right of action or recourse on the said Tim E. Cooper, by reason of the covenant contained in the deed, and would thereby sustain irreparable injury and damage, and in order to protect her title she would be forced to pay a sum of money in excess of that contracted to be paid, with no chance of reimbursement.

It was further alleged that on account of the great age and physical condition of the said Cooper, he would probably not live long enough to personally see that said notes were all paid and the lien discharged; that it was probable that by reason of the death of the said Cooper, and the distribution of his estate among his heirs, the estate would be dissipated and consumed or placed beyond the reach of the complainant. The amendment then set forth, in detail, facts which it was alleged caused the said incumbrance to constitute an impediment to the alienation of said property, and to reduce the value thereof, thereby injuring and damaging the complainant.

The defendants answered the bill and the amendment thereto, and at the final hearing of the cause upon the amended bill, answers, and proof, the chancellor granted a decree dissolving the injunction theretofore issued and dismissing the bill of complaint, and from this decree the complainant prosecuted this appeal.

The pleadings and proof show that when the complainant accepted Cooper's deed conveying the lands to her,

she was fully informed as to the nature, character, and amount of the incumbrance of which she now complains. There was some testimony tending to show that prior to the execution and delivery of the deed, Cooper verbally promised to secure, or attempt to secure a release of the lands conveyed, from this incumbrance; but this promise, if made, was merged in the written contract, as evidenced by the deed. The granting clause of this deed uses the words "convey and warrant," and thereby it embraces the five covenants known at common law, as covenants of seisin, power of sale, freedom from incumbrance, quiet enjoyment, and warranty of title; since it is provided by section 2817, Code 1906 (section 2473, Hemingway's 1927 Code) that "the word 'warrant' without restrictive words in a conveyance shall have the effect of embracing all of the five covenants known as common law, to-wit; seisin, power to sell, freedom from incumbrance, quiet enjoyment and warranty of title."

When, with full knowledge of the outstanding incumbrance against the land, the complainant accepted Cooper's deed, she carved out her security, her protection, from the incumbrance, and relied on her vendor's warranty against incumbrances to save her harmless therefrom; and the proof showed that Cooper was entirely solvent and fully able and willing to protect his warranty by paying off and discharging the sum to become due under, and by reason of this incumbrance. Upon receipt of this deed with warranty of freedom from incumbrances, the complainant immediately went into possession of the land conveyed thereby, and she has been continuously in possession thereof since that time, and her possession has not been disturbed or in any manner threatened by any one. In addition to the solvency of the Cooper estate, by which, under the warranty in her deed, complainant is protected from loss, her possession is also protected by the personal liability of Swearingen and Mrs. Cully for the indebtedness due Mrs. Griffin,

and by a lien on other lands of a value greatly in ex-, cess of the balance due Mrs. Griffin.

In the case of *Simon* v. *Williams,* 140 Miss. 854, 105 So. 487, 44 A. L. R. 402, it was held, that where there had been no eviction by reason of a removable incumbrance, and the vendee has not extinguished such incumbrance and it is still outstanding, there is a mere technical breach of the covenant, and the damages recoverable on the covenant are but nominal, and the court said that "in a very large sense the rights and obligations under the law as between covenantor and covenantee under a covenant against incumbrances are the same as those of the covenantor and covenantee under a covenant of title."

In the early case of *Brown* v. *Smith,* 5 How. (Miss.) 387, the High Court of Errors and Appeals held that— "it is well settled that if upon the sale of personal or real property, the vendee protects himself by covenants of warranty, and is let into possession, he cannot defend himself against the payment of the purchase money without a previous eviction, unless in cases where there has been fraud."

In the case of *Wailes* v. *Cooper,* 24 Miss. 208, after an examination of the prior decisions bearing upon the question, the court held that it was the established rule in this state that, "where the vendee, at the time of his purchase, knew of the defects of title, or the existence of incumbrances on the estate, and took a deed with covenants of warranty, he cannot at law avoid a recovery, even after eviction, but must rely upon the covenants. Nor will a court of chancery in such a case, as a general rule, grant any relief; but will remit the party to his covenants, such being the remedy provided for himself," unless the vendor was insolvent.

In the case of *Wofford* v. *Ashcraft,* 47 Miss. 641, the same doctrine was announced in the following language:

"Equity will not relieve a purchaser in possession under warranty deed, from payment of the purchase money in the absence of fraud, on the ground of defect of title, unless there has been an eviction, or unless the covenants of title afford no indemnity by reason of the insolvency."

Other cases sustaining the same principle and announcing the rule in varying language are: *Wilty* v. *Hightower,* 6 Smedes & M. 345; *Hoy* v. *Taliaferro,* 8 Smedes & M. 727; *Duncan* v. *Land,* 8 Smedes & M. 744; *Dennis* v. *Heath,* 11 Smedes & M. 206, 49 Am. Dec. 51; *Johnson* v. *Jones,* 13 Smedes & M. 580; *Gartman* v. *Jones,* 24 Miss. 234; *Burrus* v. *Wilkinson,* 31 Miss. 537; *Winstead* v. *Davis,* 40 Miss. 785; *Dyer* v. *Britton,* 53 Miss. 270; and in view of these decisions, and especially the case of *Simon* v. *Williams, supra,* in which this rule was expressly held to be applicable in a case where there is a mere technical breach of the covenant against incumbrances, we are of the opinion that the complainant, who, with full knowledge of the outstanding incumbrance, accepted the deed with the covenant of general warranty, must be remanded to the security and protection which she carved out for herself when she accepted the deed; and since there had been no eviction of the complainant, and her possession had been in no way disturbed or threatened by reason of the outstanding incumbrance, the decree of the court below dissolving the injunction and dismissing the bill of complaint was correct, and it will be affirmed.

*Affirmed.*