## T. P. PARK vs. BAMBERGER, BLOOM & Co.

1. CONVEYANCE: *Preferred creditors.    Case in judgment.*

On 29th January, 1868, R., of the firm of R. & B., conveyed a town lot to P., who was a creditor of the firm of R. & B. The deed was recorded 30th January. On 31st January, B., B. & Co. levied an attachment upon the lot. In February, 1868, R. & B. were adjudicated bankrupts. The bankruptcy was suggested on the record of the circuit court, and the attachment suit continued until November, 1872, when final judgment was rendered therein, and the lot in question ordered sold. Thereupon P. enjoined the sale, claiming the lot as his property. *Held,* that the conveyance to P. vested in him the legal title, unless it was fraudulent; that the evidence does not sustain the charge of fraud; that the transaction was an effort to save harmless P., who was a creditor of the firm; that although such conveyances are condemned by the bankrupt law, and the assignee might have avoided the deed and recovered the property, yet it was competent by the common law for R. & B. to prefer a creditor; that this not being a contest between the assignee in bankruptcy of R. & B. and P., the rights of the parties are to be governed by the general rules of law applicable to preferred creditors, and not by the provisions of the bankrupt law, which this court is not required to enforce in this suit.

APPEAL from the Chancery Court of *Lee* county.

Hon. O. H. WHITFIELD, Chancellor.

The material facts in the case are sufficiently stated in the opinion of the court.

It is assigned for error:

1. In admitting the record of the attachment suit of Bamberger, Bloom & Co. *v.* Rhodes & Bright.

2. In holding said attachment suit an estoppel to T. P. Park to set up his claim to the lot in controversy, when said Park was no party to said suit.

3. In holding the judgment in said attachment suit valid

when it was rendered against a bankrupt, as shown by said record, his assignee not being a party to the suit.

4. In not admitting the record of the summary proceeding *In re* Rhodes & Bright, from the United States district court, in bankruptcy, enjoining Bamberger, Bloom & Co. from executing their said judgment in their said attachment suit.

5. In not admitting the discharges in bankruptcy of J. H. and W. C. Rhodes, obtained after judgment in said attachment suit against them as partners.

6. In holding that J. H. Rhodes, a debtor in failing circumstances, could not by the common law make a *bona fide* conveyance, for value, of his property, with intent to pay one of his debts and release an accommodation surety.

*J. A. Brown* for appellant:

1. The conveyance of the lot in controversy to Park, for the purpose of securing the Tyre debt, and indemnifying Park, who was security thereon, is such a preference as, by common law, can be given by a debtor in failing circumstances.

2. The record in the attachment suit of Bamberger, Bloom & Co. *v.* Rhodes & Bright shows that Park, the owner of the lot, was in no way a party to that suit. The judgment, therefore, does not bind him.

3. The bankruptcy of Rhodes & Bright appears, as suggested in the attachment suit, affirmatively of record. The judgment taken subsequently, without making the assignee a party, and before the bankrupts were discharged, is void. *In re* Patterson, 1 B. R., 129–133; Gibson *v.* Green, 45 Miss., 218. The petition in bankruptcy was filed within four months of the levy of the attachment. Howe *v.* Union Ins. Co., 42 Cal., 532; London *v.* King, 50 Ga., 303; Vose *v.* Fisher, 3 Rob. (La.), 457; Allen *v.* Montgomery, 48 Miss., 108.

4. Bamberger, Bloom & Co., as shown by the record of the bankrupt court, having been enjoined from prosecuting said attachment suit, the state court should have declined to give

judgment therein.   Turner *v.* Gatewood, 8 B. Mon., 614, 615.
*In re* Clark, 9 Blatchf., 376.

*Clayton & Clayton, Russell & Russell, Eckford & Laugh-ridge,* on the same side :

It was proper to admit the record of the federal court to show that that court had declared the levy of the attachment void.   The notice was sufficient.   Code of 1871, § 1013.   And they argue the facts *in extenso.*

*J. N. Carlisle,* for appellees :

The judgment was void for want of notice.   Gwinn *v.* McCarroll, 1 S. & M., 351.   Over-caution in conveying personal property is a badge of fraud.   12 S. & M., 369. According to the testimony Parks has a fraudulent preference made to him of $4,734.25, by his son-in-law, of goods and real estate, and books and accounts, conveyed to him for $2,600. Rhodes testifies that the lots sold for $1,187.50.   Parks makes them worth only $250.

Where a creditor shows facts that raise a strong presumption of fraud in a conveyance made by his debtor, the history of which is necessarily known to the debtor only, the burden of proof lies on him to explain it.   Clements *v.* Moore, 6 Wall., 299.

Where a debtor in failing circumstances, and just before judgments, etc., makes a sale of his property for the purpose, as alleged by him, of preferring certain creditors, it is incumbent on him to show *by proof* that the sale was made *bona fide* for such purpose.   Stanton *v.* Green, 34 Miss., 577 ; Knox *v.* Hunt., 34 ib., 656.

Where a judgment and execution thereunder is void, relief has been denied in equity, on the ground that there is adequate remedy at law by applying to the court in which the judgment was rendered.   High on Inj., § 131 ; Sanches *v.* Carriaga, 31 Cal., 170 ; and see, also, 1 How., 162 ; 33 Miss., 433.

CAMPBELL, J., delivered the opinion of the court.

On the 29th January, A. D. 1868, J. H. Rhodes, of the

firm of Rhodes & Bright, duly conveyed lot 23, in the town of Shannon, to appellant, and the deed of conveyance was filed for record on the next day. On the 30th January, A. D. 1868, appellees sued out an attachment against said Rhodes & Bright, returnable to the circuit court, which was levied, or attempted to be, on lot 23 aforesaid. Soon after this (in less than one month) Rhodes & Bright petitioned and were adjudicated bankrupts. Their bankruptcy was suggested on the record of the circuit court, and the attachment suit aforesaid was continued and remained until 6th November, 1872, when judgment was rendered in it against defendants, Rhodes & Bright, and lot 23 and other property condemned to be sold. This lot was about to be sold under final process upon that judgment when appellant exhibited his bill to enjoin the sale, on the ground that he had acquired title by the conveyance of the lot to him by Rhodes, and that the threatened sale would cast a cloud upon said title. Appellees answered the bill, and averred that the conveyance of title from Rhodes to appellant (complainant below) was void, because made with intent to hinder, delay, and defraud creditors of Rhodes & Bright. The facts disclosed by the record are that appellant was a farmer, living six miles from Shannon, where Rhodes & Bright did business as shop-keepers. W. C. Rhodes was a member of the firm of Rhodes & Bright, as was J. H. Rhodes his father, and W. C. Rhodes was son-in-law to appellant, who became liable for said firm to their creditors, Tyre & Co., in a considerable sum, and the lot 23 and other property were conveyed to appellant in consideration that he would pay Tyre & Co. some $2,600 due them from Rhodes & Bright, and for which, in whole or in part, appellant was then liable as indorser or surety for them. The evidence is not precise and definite as to the amount of the liability of appellant, nor as to the value of the real and personal property conveyed to him by Rhodes & Bright. *Prima facie* the title was vested in appellant by the conveyance from J. H. Rhodes, as against appellees, who on the day after this conveyance attached the lot. Appel-

lees by their answer sought to avoid this effect of the deed, by attacking it as having been made to defraud creditors.

Unless this affirmative defense was made apparent by evidence appellant was entitled to maintain his bill. The deed vested the legal title in him unless it was fraudulent and void. We have examined all the evidence relied on to show it to be fraudulent and void, and think it was a transaction in which the members of the firm of Rhodes & Bright attempted to indemnify and save harmless the appellant, by reason of his liability for said firm, by conveying to him their individual and partnership property, and appellant was endeavoring to secure himself against loss by reason of such liability; and, although the transaction is condemned by the bankrupt law, and the assignee of Rhodes & Bright might have avoided the transactions and recovered the property, it was competent by the common law for Rhodes & Bright to prefer appellant, and convey him property to save him harmless by reason of his liability. This not being a contest between appellant and the assignee in bankruptcy of Rhodes & Bright, the rights of the parties are to be governed by the general rules of law applicable to preferring creditors, and not by the provisions of the bankrupt law, which this court is not called upon to enforce in this suit.

The evidence does not sustain the defense that the deed to appellant was fraudulent and void under the law applicable to the case. This disposes of this appeal, and renders unnecessary a decision of the other questions argued by counsel.

If appellant had title paramount to the claim of appellees to subject the lot under their attachment, it is immaterial whether the judgment of appellees against the lot was valid or void; and, as appellant is held to be entitled to succeed on the merits, the admission of testimony or its exclusion is unimportant to him, and it matters not that the chancellor erroneously refused to allow him to dismiss his bill, without prejudice, when he prayed to be allowed to do so after the argument at the final hearing.

The decree is reversed, and decree may be entered here perpetually enjoining appellees from executing their judgment, described in the pleadings against lot 23 in Shannon, as prayed in the bill.