## J. P. Rodd et al. v. William Durbridge.

1. Chancery. *Pleading. Nonjoinder. Practice in such cases.*

    The nonjoinder of a necessary party, if apparent on the face of the bill, is ground for demurrer. The fact may also be pleaded or set up in the answer. If a plea is filed, the complainant may set it down for hearing on its sufficiency, or take issue upon it. If the objection is taken by answer, its averment is like any other statement of the answer, and is to be treated accordingly.

2. Same. *Averment of nonjoinder in answer not responsive to bill.*

    If an averment in the answer of the nonjoinder of a necessary party is not responsive to the bill, it should be disregarded at the hearing, unless sustained by evidence.

3. Same. *Case in judgment.*

    Where a bill to foreclose a vendor's lien for two notes alleges that the first note is paid, and the answer denies that that note is paid, but states that it has been assigned, the denial that the note is paid is responsive to the bill, and is evidence, but the statement that the note has been assigned is not responsive, and must be proved, or it will be disregarded at the hearing.

Appeal from the Chancery Court of Hancock County.

Hon. G. S. McMillan, Chancellor.

On the 29th March, 1871, the complainants sold certain lands to the appellee, for $7,500, one-third cash, and the balance in one and two years. For this balance the vendee gave his two notes, drawn to his order, and indorsed. The appellants filed their bill to enforce this lien upon the property sold, alleging that the first of the notes had been paid off and discharged, and that the last, of which they made *profert* as holders and owners, remained wholly unpaid. This bill was not verified by affidavit.

The appellee answered, on the 10th August, 1875, admitting that the last note was not paid, and denying "most positively" that the first note had been paid; alleging, on the contrary, that the first note remained due and unpaid; that the property set out in the bill was bound for its payment under the lien reserved in the deed; that said note, prior to its maturity, was sold by one of the appellants, who was the *bona fide* holder

thereof, to one W. L. Cushing, then and now a resident of New Orleans, La., who paid value for it; and that John Hall, one of the appellants, indorsed and delivered said note to said Cushing. The answer was sworn to.

This being the state of the pleadings, and no proof being taken, on the sixteenth day of February, 1876, an order of reference was entered and a final decree passed, enforcing the lien for the amount reported to be due.

At the same term of court, on motion of the appellee, this decree was set aside, and the cause remanded to rules, to enable the complainants to make Cushing a party to the proceeding. This they declined to do, and their bill was accordingly dismissed.

*Harris & George*, for the appellants.

The action of the court below was based on this error, that the statement in the answer that Cushing was the assignee of the first note was a matter responsive to the allegation of the bill that the first note had been paid, and that it required proof on the complainants' part to disprove the allegation, or their bill should be dismissed. *Dease* v. *Moody*, 31 Miss. 617 ; *Jones* v. *But*, 2 Gill, 106 ; *Batre* v. *Auze*, 5 Ala. 173.

*Nugent & McWillie*, for the appellee.

Cushing was a necessary party, he having one of the notes secured by the lien retained in the deed. Story Eq. Plead. § 193 *et seq.*, and note. The alleged payment of the note was absolutely denied. The court said, This party must be made defendant, or called into the case, and in the exercise of our discretion we remand the cause for the necessary amendment. The complainants say, We will not make the amendment; and the court say, We will and do dismiss your bill. The answer disclosed a proper party to the proceeding who was not represented, and the discretion of the court was properly exercised.

The bill showed that the first note was a lien. If paid, the bill was properly framed ; otherwise it was not. But the fact of payment had to be proved before the complainants were entitled to a decree, because *denied* by the answer. The respondent, in answer to the allegation of payment, said that the note had not been paid, but indorsed, to Cushing. This was a fact in the case, and it was impossible to proceed until the statement was disproved or the bill amended.

Campbell, J., delivered the opinion of the court.

The defendant in chancery may present his objection of the nonjoinder of a necessary party by demurrer, if the absence of a necessary party is apparent on the face of the bill; or he may plead this fact, or set it up in his answer. If a plea is filed, the complainant may set the plea down for hearing on its sufficiency, or take issue upon it. If the objection is taken by the answer, its averment as to that is like any other statement of the answer, and to be treated accordingly. If the complainant does not act on the objection taken in the answer, and the cause proceeds to final hearing, the court must determine whether all necessary parties are before it to justify a decree. If the averment of the answer as to the nonjoinder of a necessary party is not responsive to the bill, and is unsustained by evidence, the court should disregard it, for a complainant shall not be delayed in his suit by an unfounded objection of the want of a necessary party. To enable the court to sustain the objection for nonjoinder of parties, it must appear like any other material fact in the case.

In this case the averment of the answer that one of the notes secured by a lien on the land had been transferred, and was outstanding in the hands of the assignee of the complainant, is not responsive to the bill, and, being unsupported by evidence, cannot be taken as true. The denial by the answer of the allegation of the bill that the first note had been paid, is directly responsive, and must be accepted as true; but that the complainant has sued the defendant on but one note, when he might have sued him on two, is not a defence to this suit.

The final decree in favor of the complainant should not have been set aside. The complainant is entitled to a decree.

*The decree vacating the final decree in favor of the complainant is reversed, and decree here granting the relief prayed by the bill.*