A. M. BOWEN et al. *v.* T. C. DUNCAN et al.

**Injunction — Answer of Defendant Not Evidence.**

> The answer of the defendant to a bill to enjoin the sale of property is not evidence, and, even though it states a good defense, the injunction should not be dissolved unless there is competent evidence to support the answer.

**Same — Estoppel.**

> The mere receipt by the grantor in a deed of trust of rents for eight months on the property after it is sold under the deed of trust, and bid in by the grantee therein, does not estop him to claim that the bid should inure to the payment of the debt secured, when it is not shown that he had knowledge of the purpose of the purchaser to abandon the purchase.

In December, 1881, T. C. Duncan sold A. M. Bowen 100 acres of land in Mississippi for $800, to be paid in four annual installments of $200 each. Bowen executed four notes for the purchase

---

1

Statements in a sworn answer directly responsive to interrogatories in a bill are to be accepted as true unless disproved. Fulton *v.* Woodman, 54 Miss. 158.

Where a bill to quiet title calls on defendant for discovery as to the muniments of his alleged title, an unsworn answer setting up a tax sale is not evidence thereof. Bank *v.* Railway Co., 72 Miss. 447, 17 So. 7.

In an answer which admits the allegations of the bill, averments as to

money, and to secure same gave a deed of trust on the land bought, and also gave a deed of trust to secure it on a house and lot in Memphis, Tenn. The first note was not paid and the Tennessee property was advertised for sale under the deed of trust and at the sale Duncan bid $1,000 for it, and it was sold to him at that price. Duncan afterward had the trustee in the deed of trust of the property in Mississippi advertise that property for sale to satisfy the debt secured by it when Bowen filed his bill in this case to enjoin the sale and seeking to compel Duncan to comply with his bid on the Memphis property and appropriate the $1,000 to the payment of the debt. The injunction was granted as prayed. Duncan answered the bill, setting up as a defense that the taxes on the Memphis property, at the time of the sale, amounted to more than the $1,000 he bid, and that the bid was made with the understanding that at least a part of the amount bid should be applied to the payment of the debt. Some affidavits were taken to substantiate this allegation, but they were suppressed on motion of complainant. The defendant made a motion to dissolve the injunction which was heard on bill, answer, exhibits, and affidavits, and the injunction was dissolved. From the decree dissolving the injunction and allowing damages to the defendant complainant appeals.

Appealed from Chancery Court, DeSoto county, J. G. Hall, Chancellor.

Reversed and remanded, January 25, 1886.

*Attorneys for appellant, Powell & Buchanan.*

*Attorneys for appellee, A. M. McKenzie.*

Brief of Powell & Buchanan:

The answer of appellees filed in the court below claims that the taxes on the Memphis property at the time of sale, at which Dun-

---

affirmative matters not responsive, but by way of avoidance, are not evidence. Hence, where distributees of the estate of a wife allege that defendant, her husband, appropriated the personal estate of the wife, and has not accounted therefor, if he admits this, an averment in the answer that his wife gave him her estate, not being responsive, is not evidence. Dyer *v.* Williams, 62 Miss. 302; Parmele *v.* McGinty, 52 Miss. 483; Park *v.* Bamberger, 52 Miss. 565; Rodd *v.* Durbridge, 53 Miss. 694.

See also authorities cited in the brief for appellant.

can bought, amounted to more than his $1,000 bid. There is no proof in the record to sustain this allegation. 'Tis true the deposition or affidavit of Handwerker was taken on this point, but the same was by the court on the hearing suppressed for want of proper notice, and there is no appeal from the order suppressing same on the part of appellees. Some exhibits, letters, etc., were also made to the affidavit of T. C. Duncan, but all of them and all Duncan said on said point was likewise suppressed, from which no appeal was taken by appellees.

The bill set up the sale of the Memphis property and the fact that Duncan bid on it $1,000. The answer admitted the sale and admitted the bid, but as matter in avoidance set up that the taxes due on the land at day of sale amounted to more than the bid, and that the bid was made subject to the agreement that the $1,000 was not to be paid if the taxes on the land amounted to that much. These facts were not responsive to the bill, and before dissolving the injunction strict proof of them should have been required. " Defendant can take no advantage of new matter alleged in his answer unless he prove it *aliunde*." Wofford *v.* Ashcroft, 47 Miss. 645 ; Parmelee *v.* McGinty, 52 Miss. 483 ; Park *v.* Bamberger, 52 Miss. 569.

" Where facts in avoidance and not in response to the bill are set up in the answer, they must be proven. The answer is evidence only when it is responsive to the bill." Brooks *v.* Gills, 12 S. & M. 438 ; Miller *v.* Lamar, 43 Miss. 383.

Thus if the bill charge that the defendant executed a bond and the answer set up payment, that allegation must be proven. Nichols *v.* Daniels, Walk. 224.

" When the bill charged that the transfer was made unconditionally but did not call for any discovery as to its terms, and the answer denied this charge and then set up the terms and conditions of the transfer, it was held that the statement as to the the terms, etc., were not responsive to the bill and not evidence." Dease *v.* Moody, 31 Miss. 617.

On this point we call attention to the further fact that the bill of complaint in this cause specially waived the answer under oath thereto and in no event could the allegations of said answer be considered as evidence. Code 1880, § 1874.

The burden of proving new affirmative matter set up in the answer and not responsive to the allegations of the bill is upon the respondent. Osborne *v.* Crump, 57 Miss. 622.

The rule that an injunction will be dissolved upon motion when the equities are distinctly denied by a sworn answer, is subject to the exception of cases where serious or irreparable injury would be done to the complainant by a dissolution of the injunction, while that to the defendant would be slight and easily recompensed. Jones *v.* Brandon, 60 Miss. 556.

The brief filed for appellee does not allude to the fact that the affidavits of Handwerker and Duncan were suppressed, and for the sake of argument we will consider that the same had not been done and yet maintain our right to the relief prayed for in our bill or to enough relief to show the error of the court in dissolving the injunction. Handwerker's affidavit shows that on April 15, 1885, the taxes on the lot amounted to $2,205.36. Of this amount only one-third was due on the interest in the house and lot which Duncan purchased. This would amount to $735.12, to which we may add $40, amount of costs of court, and the total is $775.12, lacking $224.88 of being as much as the bid of Duncan, $1,000. The answer of Duncan also sets up an agreement at the time of the sale that the taxes on the property were to be paid, else he would not be held to comply with the bid. This statement, however, Duncan's own affidavit denies, for he tells us that he never had any other understanding with Bowen than that which the trust deed shows, and that he never had any agreement with reference to the taxes with the commissioners who sold the land. The terms of the trust deed on the subject of taxes are so vague that the conclusion is not justified which is assumed in the answer. We contend that Duncan was bound to take notice of every incumbrance on said property and bought the same clothed by law with full knowledge of the full amount of taxes due. Bowen's interest was sold, and the only interest he had was what would have been due him after payment of the taxes if any then due. The fair presumption is that Duncan knew the amount of the taxes and the value of the land, and that his bid of $1,000 meant that he assumed payment of the taxes and gave $1,000 for Bowen's interest in the property. If the above position is not correct, certainly there can be no doubt but that Bowen is entitled to a credit on his debt to amount, $224.88, which is the balance of the amount of his bid over the amount of taxes and costs. Now, Duncan in his affidavit admits that he has never put any such credit on the notes, and we contend that he should be compelled to do this before he is allowed to sell the

land in Mississippi for the procurement of the balance due him
on Bowen's debt, after said $224.88 is credited.

The theory upon which this bill was filed was the inherent
jurisdiction of the Court of Chancery to enforce and compel the
performance of specific contracts and to administer relief in all
cases of trusts.   When Duncan elected to institute proceedings in
the Chancery Court of Shelby county, Tenn., and to bid $1,000
on the property of Bowen, the latter acquired certain equitable
rights hereinbefore indicated which the Court of Chancery alone
could enforce.

In Mount v. Brown, 33 Miss. 566, the court held that if the
vendee at an administrator's sale or auction sale refuses to com-
plete the sale by giving bond and security as required by the
terms of the Code, the administrator may resell and hold the pur-
chaser for the diminution in the price brought by the property
on a resale.


Brief of D. M. McKenzie:

The bill of injunction did not exhibit the trust deeds sought
to be enjoined, nor the proceedings in Tennessee, and no allusion
is made to the controlling clause in said trust deeds, which pro-
vides for the payment of all taxes due on said properties as well
as all other costs out of the proceeds of said property when sold,
and the careful suppression of said agreement as to payment of
taxes, and costs, as well as said debts contained in said trust deeds,
misled the court or chancellor when the injunction was issued.

If Bowen had filed with his bill a true copy of said trust deed
and failed to state that his Tennessee property sold for enough to
pay all taxes and costs due from said property as well as the amount
of the said notes, the chancellor would certainly have refused the
injunction asked for.   And this fact is proved by the prompt dis-
solution of the injunction when the facts of the case appeared on
the hearing.   The pleadings and proof and exhibits in the record
shows that Bowen bought land from Duncan wholly on credit,
Duncan taking a trust deed on the property he sold, and on some
other property as collateral or additional security, which is the
usual course in such transactions in Mississippi.   The trust deeds
provided for the payment of all taxes due on the property con-
veyed, and for all other costs of every character which should
accrue in the matter, as well as for the debts due Duncan.   It
shows also that in Duncan's proceeding to collect out of the Ten-

nessee property conveyed in said trust the taxes and costs due on or out of such property amounted to more than the value of Bowen's said property, and that no money could be got out of such property for said debt, and said proceeding was abandoned, and Bowen has the same right to it now that he had before said proceeding; and in fact, although he now asserts that his said property was sold in May, 1884, and he knew of such alleged sale, he regularly collected his rents out of said property, until in January, 1885, he thought of trying to keep Duncan out of possession of the property for which Bowen had never paid one cent, for another year, he having already occupied the land for three full years without the disbursement of one cent of his money.

Bowen's action in collecting rent estops him from saying that Duncan bought and owns said property. Duncan authorized a bid to be made for him on it for its full value if clear of taxes, but as said bid was only contingent on the property yielding some money to go on his debt after paying out of the proceeds of the sale all taxes and costs due on the land, but on Duncan's ascertaining that the taxes due on said land amounted to more than its value, and, therefore, that nothing could be got out of it for his debt, he abandoned said proceeding.

Appellant's counsel argued before the chancellor that the amount of the taxes and costs due from said Tennessee property was less than $1,000, and that Bowen should have credit on said notes for the difference between the amount of such taxes and costs — about $777 — there made such charges, and the $1,000 bid by Duncan conditionally for such property, and that Duncan should be charged with said Tennessee property. This charge comes late from Bowen, who collected rents on the property as his own for eight months after the time he says Duncan bought it. And again, inasmuch as said trust deed expressly provided for the payment of all taxes and other costs due on said property, as well as the said Duncan debt, and careful investigation shows that his said property, even at the price of said bid, is not worth as much as the taxes and costs due on it, it is difficult to see how Bowen can be hurt by *not selling* said property.

The chancellor was satisfied by the pleadings and proof that Duncan's effort to collect on his debt through said Tennessee trust deed resulted only in trouble and expense, and that no money was received by Duncan from that source and that he cannot be

charged with any, and that Bowen's said notes should be paid or the property for which they were given subjected to their pay· ment, as provided in the trust deed, the execution of which was enjoined, and dissolved the injunction.

Bowen's bill, asking that his debt due for the land on which he has paid nothing should be declared satisfied, and that the injunction restraining Duncan from executing the trust deed given to secure payment for said land, issued in this cause, be made perpetual, is grossly iniquitous and cannot prevail in the courts of Mississippi.

Duncan's answer with the exhibits therewith, and his affidavit and exhibits, shows this case fully and fairly, and the decision of the court below is right.

OPINION.— CAMPBELL, J., delivered the opinion of the court:

It appears that Duncan caused the property in Memphis to be sold, and bid for it $1,000 at the sale. Afterward he abandoned his purchase, but fails to show a state of case entitling him to do so. His claim is that the amount of his bid is appropriable to the payment of taxes due on the property, and that nothing is left to go as a credit on the notes, but there is in the record no evidence of taxes due on the property, or of other circumstances giving Duncan the right to subject the land in Mississippi notwithstanding his bid of $1,000 for the lot in Memphis. This answer is not evidence, and the only evidence he offered on this point was suppressed. It is shown that after the sale of the lot in Memphis, Bowen continued for eight months to collect rent for it as he had done before, but it is not shown that he had knowledge of the purpose of Duncan to abandon his purchase and acquiesced in his course or in any way precluded himself from holding him to his bid. The mere receipt by Bowen of rent after the sale of the lot was not an estoppel to him to claim that Duncan's bid should inure to the payment of the notes. We think it quite probable that a condition of things existed which made the receipt of rent by Bowen amount to acquiescence in the course pursued by Duncan, and it is true that no part of the $1,000 bid by Duncan will be left after paying taxes and costs, or little of it, but on the presentation by the record before us the injunction should not have been dissolved.

*Reversed,* injunction reinstated, and cause remanded.