43   383
71   356

ELIZA D. MILLER, Executrix, etc *v.* NATHAN LAMAR.

1. VENDOR AND VENDEE.—It is a general rule that where the conduct of a vendor and warrantor of title is free from misrepresentation or fraud, a mere defect in, or cloud upon, the title conveyed, will not relieve the vendee against payment of the purchase money, unless there has been an eviction by title paramount; but the purchaser will be remitted to his action on the covenants of warranty in the deed.

2. RULE WHEN VENDOR IS INSOLVENT.—But, if the vendor be insolvent, so that his covenants of warranty are worthless, equity will not wait for eviction, and until the purchaser shall be utterly without redress; but will interpose. Still, the case must be as strong in its merits as an eviction—as, for example, the existence of an outstanding title, the assertion of which will evict the purchaser. Guice, adm'r, v. Sellars et ux. (see supra p, 52), cited and re-affirmed.

3. CHANCERY PRATICE.—Where the facts constituting the complainant's equity are alleged in the bill, and admitted in the answer, and respondent sets up new matters

of fact relied upon as a defense, the burden of proving such defense is upon respondent ; and if, after the full time allowed by statute for taking testimony, there has been none offered, the complainant may set down the case for hearing. And although it is palpably irregular in such case to disregard the answer at the final hearing, yet if the defendant made no objection in the court below, and does not appear to have been injured thereby, this court will not for such irregularity remand the cause.

Appeal from the chancery court of Pontotoc county. Bradford, J.

The appellant assigned the following errors :

1st. The court below erred in sustaining the demurrer to defendant's cross-bill.

2d. The said court erred in entering up a judgment *pro confesso* against the said appellant, after the demurrer to her said cross-bill was sustained, and while said cause remained at issue on her original answer to appellees amended bill of complaint, which had been filed in said cause prior to the filing of said cross-bill and complainant's demurrer thereto.

3d. The court erred in hearing said cause only on complainant's amended bill and exhibits, and the said judgment *pro confesso*, as the same was improperly set for hearing by complainant ; and in entering up a final decree, without noticing the defendant's answer, denying *in toto* the equity of complainant's said amended bill, and moreover, setting up affirmatively, a full payment of the balance alleged to be due on the promissory note sued on.

4th. The court erred in rendering a final decree against appellant for the balance of the said purchase money sued for, when the face of complainant's subsequent deed to defendant's testator, filed as an exhibit with his bill of complaint, unrebutted by any proof in said cause, expressed a receipt in full for the whole amount of said purchase money.

*C. D. & J. D. Fontaine*, for the appellants.

There was error in the decree of the court, sustaining complainant's demurrer to the cross-bill, which sets up as a defense, a perfect outstanding title in a third party.

The rule that a vendee cannot defend a suit for the unpaid consideration of land purchased until he has been evicted,

càn only apply to cases where the parties have been let into possession under their contracts of purchase. There is no allegation that defendant's testator was ever put in the actual possession of the land, and for aught that appears, Moses Woods, admitted by the demurrer to have the paramount title by prior right, had the actual possession also. All the cases adverting to the rule above referred to, decided in this court, relate to vendees who have been let into possession under their contracts. Johnson v. Jones, 13 S. & M., 580; 12 S. & M., 679; 8 ib., 727; 11 ib., 205; 7 ib., 256–456; 9 ib., 544.

Admitting that defendant's testator had been let into possession, it is alleged by the cross-bill, and admitted by the demurrer, that complainant has since become wholly insolvent, and unable to respond in damages, is good ground for equitable relief for a vendee, having possession in fact, against a bill to enforce the vendor's lien for the purchase money. Vick v. Percy, 7 S. & M., 256; Champion v. Brown, 6 Johns. Ch. R., 406.

If the vendor has become insolvent, the remedy on his covenants of warranty in the deed is entirely inadequate at law, and gives a right to relief in equity.

The second error assigned, is to the allowance by the court, of a decree, taking the matters of complainant's amended bill for confessed, because defendant did not file a further amended answer and cross-bill. Here the answer of the defendant had been filed at the appearance term. It denied all the equity of complainant's bill, and sets up a full payment of the sum sought to be charged as a lien on the land, and therefore, only to be disposed of by the final hearing upon it.

The other errors assigned are equally fatal to the final decree. It was irregular to hear the cause on the amended bill, exhibits report and *pro confesso* only, and enter up a final decree without noticing the defendant's sworn answer, denying the equity in complainant's bill. Even upon this hearing of only the complainant's side of the suit, the decree is unsustained by the proof. The deed filed, expresses a

receipt in full, for the whole amount of the purchase money, and this receipt is not rebutted by any proof in the cause. The credits endorsed on the note, "Exhibit B," do not appear to have been so endorsed by the defendant's testator, or by his authority, and therefore is not evidence for the complainant. The pleading on the part of the complainant, not being under oath, the mere allegation that a balance of the purchase money is due, is unsustained by any proof whatever.

If there had been no answer on file, and the judgment *pro confesso*, properly taken, the exhibits on file, showing full payment, proof of the debt sued for, as well as conclusive proof to rebut the receipt for payment thereof, expressed upon the face of the deed filed with complainant's bill, would not be dispensed with, by such judgment *pro confesso.* See opinion by Chancellor Kent in Cains v. Fisher, 1 Johns. Ch. Rep., 10.

*C. A. Brougher and C. E. Hooker*, for the appellees.

It is first assigned for error, that the court below erred in overruling the demurrer to the cross-bill of defendant's in the court below. This was clearly no error; it was a cross-bill but in name, and embodied only a simulated defense to the action. It was not anything more than the original answer, to which was added the allegation of the insolvency of the complainant in the court below. The amended answer and cross-bill were not error to which were good grounds of demurrer.

The records and their grounds of error, may be considered together; they insist that the court erred in setting down the cause for hearing and permitting the *pro confesso* to be taken, because of a failure to answer over after the demurrer was amended and cross-bill had been sustained; and parties have failed to answer within the ninety days allowed by the court. After the party, defendant in the court below, had amended his original answer by leave of the court, it then became his answer to the bill, his response to the summons

of the court, and the answer was an entirety; the orignal became part and parcel of the amended answer, and upon the demurrer of complainant in the court below, being sustained, and the answer then thrown out of court, and the party failed to answer over, within the time prayed by herself and allowed by the court, there was really no answer to the bill, and the court therefore, could not have committed any error in allowing complainant in the court below to take the bill for confessed.

The fourth and last ground of error can scarcely be seriously insisted on. It is that because the deed executed by Lamar to Miller recites the payment of the purchase money, that therefore it was error to permit a decree to be taken for the balance of the purchase money. Nothing is more common than for the deed to be absolute in its recital as to the amount of the purchase money, and yet no money actually pass between vendor and vendee; and no court, either legal or equitable, would listen to an objection to restrain the vendor from the collection of his purchase money, because of the fact that the deed recited so much money received.

Taking the whole case together, it is very evident that the defense is altogether simulated, and notwithstanding great length of time has elapsed since the institution of the suit, the defendant in the court below has not filed with her answer, the supposed deed of the American Land Company to Moses Woods, or any other evidence of outstanding title. See the case of Wailes v. Cooper, 24 Miss., p. 208.

On the whole case before it, the court would have been fully justified to have disregarded the pretended cross-bill and answer. But the record shows that the whole merits of the case were distinctly understood by the chancellor, and substantial justice decreed, and this court will not disturb it.

SIMRALL, J.:

Nathan Lamar brought his bill in chancery on the 4th of March, 1867, against the plaintiff in error, to subject a tract of land, sold by Lamar to John H. Miller, to the payment of a

balance due on the last installment of the purchase money. To the original bill, the children, heirs of John H. Miller (who had deceased), were made defendants. But the land having been devised by said Miller to his widow, the plaintiff in error, the suit was dismissed as to the children.

The original bill states that the sale was made about the 28th of April, 1857, when Miller executed to Lamar his three several promissory notes, maturing respectively, the 1st of January, 1858, 1859, 1860, and Lamar executed to Miller his bond to convey the title on final payment of the installment. The first and second notes were paid by Miller in his life-time, and also a partial credit made on the last note.

That about the 1st of March, 1860, a deed was made to Miller, at his earnest solicitation, on his assurance that the balance of the debt would be shortly paid; that Lamar in executing the conveyance, confided in this assurance of speedy payment.

After the heirs of Miller had been dismissed from the suit, an amended and supplemental bill was preferred against Mrs. Eliza Miller, repeating the allegations of the original bill, and introducing the matter, that the land had been devised to her. To this bill, Mrs. Miller in August, 1867, filed her answer. She admits the sale of the land, the execution of the notes, bond for title, and the deed, and insists that payment in full had been made by her devisor, at or about the date of the deed. Alleges that one-half the land is under a cloud, and color of title in one Moses Woods (or his heirs), who purchased the land prior to the sale by Lamar to Miller, from the " American Land Company."

An amended answer and cross-bill was subsequently filed by Mrs. Miller, in which she reiterates the statements of her original answer, with the further allegation that Lamar is insolvent, and therefore the covenants in his deed would afford no solid protection against this title in Woods or his heirs. No deed, or other paper, tending to show the character of this title in Woods, was exhibited, or in any manner appears in the record. To the cross-bill there was a demur-

rer, on the grounds—1st. There had been no eviction, or effort to evict Miller, averred. 2d. No allegation that Miller purchased without notice. The demurrer was sustained, and leave given defendant to answer over in ninety days, by consent of parties.

On 16th October, 1868, a *pro confesso* was taken against Mrs. Miller, for not answering according to the leave granted in the foregoing order. The case was set for hearing on amended bill, *pro confesso*, exhibits, and report of the commissioner. A decree was made to sell the land; from which the case is brought to this court.

Several questions are made in the assignment of errors, which will be considered rather in a group. Was the demurrer to the cross-bill properly sustained? Its equity, if any, consists in the facts that there was a title (embracing half the land), older than Miller's purchase from Lamar, derived by Woods from the American Land Company, which is a cloud and encumbrance on her title, and that because of Lamar's insolvency, the covenants in his deed are no adequate security. We take the rule to be, that where the conduct of the vendor is free from fraud, and there has been no misrepresentations of material matters, relief against payment of the purchase money will not be granted, unless there has been an eviction by title paramount. In such circumstances, the purchaser will be remitted to his covenants in his deed. If the vendor and warrantor be insolvent, so that recourse to the covenants would be worthless, equity would not wait for the eviction, and leave the purchaser utterly without redress, but would interpose. But the case must be as strong in its merits as an eviction. It does not suffice, as in this bill, to aver that there is a title or deed to part of the land, made prior to the sale to Miller, by the American Land Company to Moses Woods. But it must be distinctly shown that there was a title in the American Land Company, superior and paramount, which passed by the deed, to Woods; and that on the assertion of this title, the devisee of Miller would loose the land. If the vendor knew of the

outstanding cloud or encumbrance on the title, at the date of his purchase, he cannot set it up as reason for not paying the purchase money, but must rely on the covenants in the deed. Wailes v. Cooper, 24 Miss. Rep., 232; Guice, adm., v. Sellers and wife.*

The cross-bill does not deraign the title said to be in Woods, or his heirs; does not exhibit any muniment or evidence of such title; does not allege that any person claiming under it threatens suit; does not disclose how, or in what mode this claim could ever disturb either the title or possession of the devisee. The argument is made by the counsel for plaintiff in error, that this defense ought to be admitted, because it does not appear that Miller was let into possession by Lamar. This does sufficiently appear. The averment is that Lamar "was seised and possessed" of the land when he sold. The deed invested Miller with a seisen in law, and a right of entry. Mrs. Miller does not state that her husband was not in possession in fact under his title, nor that she, as devisee, is not in possession. The demurrer was properly sustained.

The cause was set down for hearing on the amended bill, the exhibits, *pro confesso*, and report of the commissioner. (The decree also so recites.) Yet the answer of the respondent, Mrs. Miller, to this bill was in, and regularly on file; sustaining the demurrer, and dismissing the cross-bill did not displace it. The purpose of the cross-bill was to obtain relief on the new matter set up. The decision on the demurrer could have no other consequence than to put the cross-bill entirely out of consideration. The answer, however, still remained, putting in issue the full payment of the debt claimed by the bill. The answer was filed August 16, 1867—final decree was rendered October 16, 1868, so that the parties were at issue more than a year. After the lapse of five months from the putting in of the answer, the case may be set for final hearing—leaving the *onus* of proof where the pleadings place it—that time being allowed for taking testimony.

*Supra*, p. 52.

The answer substantially admits that the promissory note, claimed in the bill as unpaid in part, was given for the last of the three installments for the land, but avers on " information and belief, " that full payment was made by her husband in his life-time. This is a new affirmative fact in exoneration and discharge, and to be of avail must be proved—the onus resting on the respondent.

If the cause had gone to final hearing on the original bill, exhibits cross-bill and answer, we would have had no difficulty in determining that the vendor's lien still adhered to the land, and that the complainant was entitled to the decree; for the defendant had offered no testimony to prove her defense of payment. The case would then stand thus: The sale, the execution of the notes and the deed, are admitted. These constitute the complainant's equity. But the respondent relies on payment. She had more than the time allowed by the statute to take testimony, but has offered no evidence to prove the allegation.

It was palpably irregular to have disregarded the answer, on final hearing. If we could see how the plaintiff in error was prejudiced thereby, we would remand the cause. If, at the term when the *pro confesso* was entered, the respondent had objected because she was not in default, or, if the case was not in an attitude, the moment it was returned to the chancery court, for hearing, and decree on the bill and answer and exhibits, we should be inclined, for this technical reason, to remand the case. The point, however, is purely technical. This court, giving to the answer all the consideration it would have been entitled to in the chancery court, at the hearing, are of the opinion that justice has been done. The attention of the chancellor may not have been called to the state of the pleadings. The ninety days extended, by consent, to the respondent to make further defense, having expired, and no other opposition made, the solicitors may have been induced to believe that the defendant had surrendered the case.

Let the decree be affirmed.