CHARLES J. OSBORNE ET AL. *v.* JOHN W. CRUMP.

1. CHANCERY PLEADING. *Answer. New matter. Burden of proof.*

   The burden of proving new affirmative matter, set up in the answer and not responsive to the allegations of the bill, is upon the respondent.

2. PARTIES IN CHANCERY. *Trustee who has conveyed title.*

   A trustee, who has sold, is not a necessary party to a bill against the purchaser to whom he has conveyed, filed by the first vendor to subject the land to a lien for an unpaid balance of the original purchase money, which was secured by the deed of trust.

3. SAME. *Purchaser pendente lite.*

   A purchaser of land, during the pendency of a chancery suit involving the title thereto, is bound by the decree, though not made a party.

4. SAME. *Mortgagor who has parted with the property.*

   A mortgagor, who has parted with the mortgaged property, is not a necessary party to a bill to foreclose, if no personal decree is sought against him.

APPEAL from the Chancery Court of Bolivar County.

Hon. W. G. PHELPS, Chancellor.

*T. J. & F. A. R. Wharton,* for the appellants.

1. The answers, which are sworn to, contradict the theory and allegations of the unsworn bill. The ground for relief stated in the bill is fraud, and it was incumbent on the complainant to prove that charge before the defendants were required to offer any evidence. *Fulton* v. *Woodman,* 54 Miss. 158. As to the answers setting up affirmative matter not responsive to the bill, and the disregarding of such matter because no proof was offered to support them, we reply that when a cause is brought to a hearing on bill and answer, the answer is to be taken as true in all points. *Brinckerhoff* v. *Brown,* 7 John. Ch. 217. If a cause in chancery is set down for hearing without proof, the answer denying all the material facts alleged in the bill, it should be dismissed. So, it should be dismissed, if the answer sets up sufficient matter of defence, consisting of distinct facts by way of avoidance to the bill. To escape this consequence, the complainant should reply, and give the defendant an opportunity to prove his answer. *Atkinson* v. *Manks,* 1 Cowen, 691.

2. Before proceeding to final hearing, on the filing of the answers, showing a sale to Rockwell, the court should have ordered him to be made a party, as the legal title was shown to be in him. Story Eq. Pl. § 72. Whenever it is discovered that other persons, not parties, are interested in the suit, they should be made parties, however numerous they may be. *Carman* v. *Watson*, 1 How. 333 ; *Coulson* v. *Harris*, 43 Miss. 728, 753 ; *Marshall* v. *Beverley*, 5 Wheat. 313 ; *De La Vergne* v. *Evertson*, 1 Paige, 181. This is to enable the court to make a complete decree between the parties, to prevent multiplicity of suits, and to avoid injustice either to the parties before the court or to the interests of others, by a decree that may be grounded upon a partial view of the merits. The rule and only relaxation of it are laid down in *McPike* v. *Wells*, 54 Miss. 136 ; *West* v. *Randall*, 2 Mason, 181 ; *Wormley* v. *Wormley*, 8 Wheat. 421, 451, note ; Story Eq. Pl. § 72 ; Cooper Eq. Pl. 33 ; Calvert on Parties, ch. 2, § 4, pp. 113, 116 ; 1 Dan. Ch. Pr. ch. 5, § 3, pp. 384, 388. Taking the rule in its restricted sense, as " confined to the parties to the interest involved in the issue, and who must necessarily be affected by the decree," and its application in this case, as shown by the answers of Trowbridge and Osborne, it is apparent that the representatives of the former, and Rockwell, to say nothing of the trustee, should have been made parties. Admitting that it is a rule of convenience merely, it is only dispensed with when it becomes extremely difficult or inconvenient. None of those difficulties or inconveniences exist in the case at bar. There was no difficulty in filing a bill of revivor, making the representatives of Trowbridge parties, nor in making Rockwell or the trustee parties. The court has undertaken by its final decree to declare that the assignment of the deed of trust to Osborne is void, because procured by fraudulent misrepresentations, and that his purchase at the sale under the deed of trust and his sale and conveyance to Rockwell are also void. If all that is true, then the legal title is still in the trustee ; and he is an indispensable party. The objection, for want of parties, can be allowed in the Supreme Court, if made there for the first time. *Marshall* v. *Beverley*, 5 Wheat. 313 ;

1 Story Eq. Pl. §§ 75, 207 ; Calvert on Parties, 3, 11; 1 Dan. Ch. Pr. 338.

*T. J. Wharton,* on the same side, made an oral argument.

*F. A. Montgomery,* on the same side.

*L. Brame,* for the appellee, argued orally and in writing.

1. The allegations of the answers, upon which the defendants relied in asking a decree, are not responsive to the bill, but present new affirmative matter in avoidance. The decree was based on the statements which are admitted in the answers, that the consideration of the contract failed, and that the complainant retained his lien. *Kausler* v. *Ford,* 47 Miss. 289. An answer in chancery is evidence only in so far as it is responsive to the allegations of the bill. New matter in avoidance must be established by proof. *Brooks* v. *Gillis,* 12 S. & M. 538; *Dease* v. *Moody,* 31 Miss. 617 ; *Miller* v. *Lamar,* 43 Miss. 383 ; *Rodd* v. *Durbridge,* 53 Miss. 694 ; *Fulton* v. *Woodman,* 54 Miss. 158. The complainant was not called upon to prove the facts in his bill that were admitted ; nor was it incumbent upon him to take proof of the other facts before the defendants offered any testimony to sustain their charges. If the complainant had set the cause down for hearing before the expiration of the time allowed for taking testimony, he would have admitted the truth of the facts stated in the answers. But this was not done. The fact that the bill was not sworn to is immaterial in this case. The complainant was not called upon to meet any thing but the allegations in the answers. The defendants could not have proved a case not made by their pleadings. *Armstrong* v. *Stovall,* 26 Miss. 275 ; *Bowman* v. *O'Reilly,* 31 Miss. 261 ; *Bacon* v. *Ventress,* 32 Miss. 158 ; *Baygents* v. *Beard,* 41 Miss. 531. The defendants would not have been entitled to a decree if they had taken testimony and established every allegation in the answers.

2. As Trowbridge had no interest in the land at his death, none descended to his heirs, and it was unnecessary to make them parties. The doctrine of *McPike* v. *Wells,* 54 Miss. 136, does not apply. The record shows that Trowbridge had no interest in the land ; no decree *in personam* was asked

against him, and, when the defendant, Osborne, suggested his death, the case was dismissed as to him. The dismissal of the case as to Trowbridge was not error. *Simpson* v. *McGlathery*, 52 Miss. 723. The decree is not against Trowbridge *in personam.* He had conveyed away the land, as is admitted. He was not interested. Story Eq. Pl. §§ 76, 140, 153, 175, 236, and notes ; *Swift* v. *Edson*, 5 Conn. 531; *Shaw* v. *Hoadley*, 8 Blackf. 165. If the court can decide between the litigants before it and do justice, it will go on to final decree. *Elmendorf* v. *Taylor*, 10 Wheat. 152. The mortgagor, after he has conveyed away the whole of the premises mortgaged, is not a necessary party to the suit ; nor, indeed, is he a proper party, unless a personal judgment for any deficiency there may be after applying the property to the debt is sought against him. The decree is conclusive as to the title without him. Jones on Mortgages, §§ 1404, 1407 ; *Soule* v. *Albee*, 31 Vt. 142 ; *Drury* v. *Clark*, 16 How. Pr. 424 ; *Daly* v. *Burchell*, 13 Abb. Pr. N. S. 264 ; *Stevens* v. *Campbell*, 21 Ind. 471 ; *Johnson* v. *Monell*, 13 Iowa, 300 ; *Belloc* v. *Rogers*, 9 Cal. 123 ; *Delaplaine* v. *Lewis*, 19 Wis. 476 ; *Cord* v. *Hirsch*, 17 Wis. 403 ; *Medley* v. *Elliott*, 62 Ill. 532. It is not claimed that the sale of the land by the trustee, was void. It was a valid sale, and conveyed the entire title, subject to the equity of Crump. The trustee was also divested of the title by his sale, and hence he was not a necessary party. *Mitchell* v. *Mitchell*, 35 Miss. 108 ; *Green* v. *Gaston*, 56 Miss. 748. Any reason to obviate such purely technical objections should be adopted. It is insisted that Rockwell should have been made a party. The well-established rule of chancery practice, requiring all parties in interest to be joined, is not disputed; but Rockwell was a purchaser *pendente lite*, and, therefore, was not a necessary party. He purchased after bill filed, citation issued, and publication made and mailed to the defendants. If persons purchasing property pending the suit are necessary parties, the court could never make a decree, if those before the court were disposed to prevent it. Story Eq. Pl. § 156 ; Jones on Mortgages, § 1411. None of these questions were raised in the court below, and this court, which has no jurisdiction over new points, cannot consider them.

CHALMERS, J., delivered the opinion of the court.

The case was submitted without proof, and must be decided on the pleadings, which show the following state of facts. Crump sold a plantation in Bolivar County to one Smith for fifteen thousand dollars, of which amount nine thousand dollars were paid in cash, the note of the purchaser being taken for six thousand dollars. Crump executed to Smith a deed of the land, and received back from him a trust-deed to protect the note. Smith afterwards sold the land to one Looney, who, in turn, sold to Trowbridge, deeds being executed in each case. Crump, pressing Trowbridge for the money due him on the land, the latter paid to him the sum of three thousand two hundred dollars, which he had borrowed for that purpose from his son-in-law, Osborne, and executed his own note for two thousand three hundred and fifty dollars for the balance due. At Trowbridge's request, Crump transferred and assigned the trust-deed to Osborne, and received from Trowbridge in lieu of it the assignment of a mortgage, held and owned by the latter, on a tract of land in New Jersey, being induced to do this by the assurances of Trowbridge that the New Jersey mortgage was worth far more than the twenty-three hundred and fifty dollars due, and that it afforded a perfect security for it. Crump knew nothing of the New Jersey mortgage, and relied wholly on Trowbridge's statements in accepting it. It proved to be wholly worthless; and, in the mean time, Osborne foreclosed the trust-deed on the plantation in Bolivar County, which was transferred to him by Crump, and became the purchaser at the sale made thereunder. Crump brings this bill to assert against the Bolivar lands a lien for the balance of the original purchase-money, now represented by Trowbridge's note for two thousand three hundred and fifty dollars. That he is entitled to the relief prayed, under the facts stated, is not seriously denied; but it is contended that the decree in his favor was improperly rendered, because no testimony had been taken, and the burden of proving the case rested upon the complainant. The facts, as above set forth, were admitted by the answers of Trowbridge and Osborne, and of themselves entitled the complainant to a decree. Trowbridge, in his answer, sought to avoid them by the

averment that, after the New Jersey mortgage was discovered to be worthless, a fact unknown to him at the time he assigned it, he transferred other securities in lieu of it to Crump, with which the latter avowed himself satisfied, and which he still held. Manifestly, this was new affirmative matter, not responsive to any thing in the bill, and the burden of proving it devolved upon the defendants; but, though more than a year intervened between the filing of the answers and the final hearing, no depositions were taken in support of it.

No objection for want of parties was taken in the lower court; but it is urged here that there is such absence of essential parties that it is impossible to render a decree that will do justice, and that therefore, of our own motion, we must reverse. It is said that Montgomery, the trustee in the trust-deed executed by Smith to Crump, should have been made a party. The point is not well taken, because it is shown both by the bill and answers that he had fully executed his trust and divested himself of title by the sale made before the institution of the suit, at which Osborne became the purchaser of the land. Osborne stated in his answer that he had sold the land to one Rockwell, and it is said that the latter is a necessary party. But it is shown by the answer that he bought *pendente lite*, and such a purchaser is bound by the decree without being a party.

Trowbridge died after the answers were filed, and the cause was dismissed as to him. It is said that it should have been revived against his heirs and personal representatives. This was not essential, because Trowbridge himself, although a proper, was not a necessary party. In his answer he disclaimed all interest in the land, and no personal decree was asked or rendered against him. He stood in the relation of a mortgagor of the land, having accepted the obligation to pay off the mortgage executed by Smith; and it is well settled that a mortgagor who has parted with the mortgaged property is not a necessary party to a bill to foreclose, where no decree *in personam* is sought against him. Story Eq. Pl. § 197; 2 Jones on Mortgages, § 1404, and authorities cited.

*Decree affirmed.*