AUSTIN CLOTHING CO. v. J. L. POSEY *et al.*

[63 South. 224—64 South. 5.]

EQUITY. *Bill and answer. Trial. Code* 1906, *section* 603.

Under Code 1906, section 603 providing that if the complainant shall set down the cause for hearing before the expiration of the time allowed for taking testimony, the answer shall be taken as true, where a bill is filed to set aside certain conveyances claimed to be fraudulent and defendant answered fully and in detail denying the allegations of the bill and complainant set the case down for hearing on bill and answer without taking any proof, the court properly dismissed the bill.

ON SUGGESTION OF ERROR.

1. EQUITY. *Trial. Hearing on bill and answer.*

Where defendants' demurrer to a bill in chancery was overruled on July 4th, and defendants were allowed sixty days to answer the bill as of that term, and after the cause was set down for final hearing on November 13th, it was on November 16th, taken under advisement to be decided by the chancellor in vacation, and was remanded on December 18th, to rules, with permission to both parties to take testimony, the answer cannot be taken as true, where the cause was finally heard on bill and answer

without testimony; the record not showing at whose instance the cause was set down for final hearing.

2. FRAULULENT CONVEYANCE.  *Sale by husband to wife.  Rights of creditors.  Code 1906, sections 2522 and 2787.*

Under sections 2522 and 2787, Code 1906 so providing, a transfer of lands between husband and wife shall not be valid as against any third person unless the conveyance be in writing, acknowledged, and filed for record, and all conveyances of land shall be void as to creditors and subsequent purchasers without notice unless acknowledged and recorded, a conveyance by a husband to his wife is void as against a judgment creditor who recovered his judgment and had it enrolled before such deed was recorded, possession of the property in such case not being equivalent to filing the deed for record.

3. FRAUDULENT CONVEYANCE.  *Pleading.  Answer.  Code 1906, section 584.*

Under section 584, Code 1906, providing that "the defendant shall answer fully all the allegations of the bill without being specially interrogated" and that "all matters of fact averred in the bill and not denied by the answer otherwise than by general traverse, may be taken at the hearing as admitted," a wife claiming title to property conveyed to her by her husband as against judgment creditors of her husband whose judgments were enrolled, must allege facts in her answer sufficient to defeat the lien of such judgment creditors.

4. EQUITY.  *Pleading.  Practice.  Burden of proof.  Answer.*

The burden of proving all affirmative allegations in an answer to a bill in chancery devolves upon the respondent and the answer though duly sworn to is not the proof required.

APPEAL from the chancery court of Neshoba county.
HON. J. F. McCOOL, Chancellor.

Suit in chancery by the Austin Clothing Company against J. L. Posey.  From a decree for defendants, complainants appeal.

The facts are fully stated in the opinion of the court.

*Huddleston & Austin,* for appellant.

This cause in the court below was tried and is here, on the facts stated in the answer and the following two

well-known and universal rules, viz.: "All matters of fact averred in the bill and not denied by the answer otherwise than by general traverse, may be taken at the hearing as admitted." Code 1906, Sec. 584, and authorities there cited, especially *Burnette* v. *Chaffe,* 69 Miss. 279; *Hopper* v. *Overstreet,* 79 Miss. 241; *Applewhite* v. *Foxworth,* 79 Miss. 773. "The pleadings of a party is conclusive evidence against him." Abbott's Civil Jury Trials (3rd Ed.), 378.

There is no necessity for proof *aliunde* of admitted facts. Upon the facts set up in the answer, we rely. We reaffirm, that under the admitted facts (the facts set up in the answer and those averred in the bill and not denied by the answer), appellants are entitled to a decree, granting the relief prayed, most assuredly as against the wife and without possibility of doubt, is this so as to appellant, Austin Clothing Company, whose judgment, as the record shows, was obtained and enrolled, full two months before the delivery or filing of the deed from the debtor husband to her, such deed purporting to be on the consideration of one dollar. As to the other creditors of the husband, it would violate every rule of recognized equity, to decree such deed *bona fide* under the state of facts set up in the answer. We submit appellants are entitled to a decree here.

*G. E. Wilson* and *Wells, May & Sanders,* for appellee.

We ground our contention upon the fact that the cause was set down and heard upon the bill of complaint when the bill of complaint was sworn to by the complainant's solicitor whose affidavit was upon information and belief, and the answer of the defendants properly sworn to. Upon this state of the record, with no evidence before the court it was proper for the court to dismiss the bill.

The sworn answer entitled the defendants to the judgment of the court below.

Learned counsel argues, with great ingenuity, that the deed from J. L. Posey to his wife, Mrs. M. F. Posey, reciting the consideration of one dollar, and the defendant's setting up in the answer divers affirmative matters touching the real, further, and additional considerations of the conveyance, thereby incurred the burden of proving such affirmative matters in the answer notwithstanding the answer was sworn to and no proof being taken by the defendant touching these matters, it was error for the court to hold that such conveyance was made for a sufficient, valuable consideration.   This contention is more ingenuous than sound.  It is undoubtedly true that when the conveyance is assailed as fraudulent because of inadequacy of consideration, the defendant may set up affirmatively the truth touching the consideration, and of course would have to prove such affirmative matters, and the defendants did prove such matters by swearing to the answer.  Section 591 of the Code, is as follows: "A replication to an answer shall not be required, but the cause shall be at issue when the answer is filed."

This section construed in connection with section 586, makes it clear that when an answer is filed, setting up affirmative matters, and is sworn to, no replication is necessary, but in the absence of any testimony, the bill being unsworn, such affirmative matters appearing in the answer, are just as much established as are negative matters therein contained.  The statute makes no distinction between the character of the things which are established by the sworn answer, but the rule applies as to the answer in its entirety.

What force and effect is to be given an unrecorded conveyance from husband to wife as against intervening creditors.  It is urged that the conveyance from J. L. Posey to his wife, Mrs. M. F. Posey, of the town lot, was void because not recorded before the rendition and enrollment of the Austin Clothing Company's judgment. This conveyance was not void but was good between the

parties. *Grace* v. *Insurance Co.,* 94 Miss. 207. And a creditor who has the right to complain is one filing a lien ahead of the conveyance from husband to wife. *Green* v. *Weems,* 85 Miss. 566.

Undoubtedly the conveyance was effectual as to all creditors filing liens subsequent to the filing for record of the deed from J. L. Posey to his wife, and that applied to all the complainants except the Austin Clothing Company. That all the other complainants must fail is virtually conceded by appellants' counsel, but it is strenuously urged that the Austin Clothing Company should be accorded relief.

We submit that the Austin Clothing Company is not entitled to any relief for two reasons: In the first place, the amount and extent of their claim was emphatically denied by the answer and they failed to meet this situation by offering any proof whatsoever as to the amount and extent of their claim against J. L. Posey. It is true they recited a certain judgment and the amount of it. The answer declared that the amount claimed is excessive, that a part of it has been paid, and that the complainants altogether have demanded at least twice as much as they are entitled to. The complainants were content to permit this denial of the bill to go unanswered by testimony contravening it.

There is another reason why the Austin Clothing Company is not entitled to go against the town lot for the collection of its unanswered, unascertained demand. It is averred by the answer that the lot in Philadelphia was bought with the money of Mrs. Posey, and she placed in possession, but the title was taken in the name of her husband.

Mrs. M. F. Posey was in possession as owner by virtue of the fact that she advanced the money for the purchase of this property and her possession was notice of her equitable title. While it is true that under section 2522, possession is not notice of an unrecorded conveyance

from husband to wife, such possession is notice of any other character of title by which she may be holding possession; that other title, that is the equitable title arising by reason of the fact that she furnished the money for the purchase of the property for her, was proclaimed by her possession. This title arose not by virtue of the conveyance from her husband, but in reality existed despite the fact that her husband had been guilty of a constructive fraud as to her, when he took title in his own name instead of having the conveyance made to her at the outset. His conveyance to her was but a recognition by him of her rights and when we come to deal with her rights arising by reason of the facts, which have never been denied, she is to be dealt with and accorded the same rights as others, no more, no less.

That possession is notice of equitable title, is too well settled to admit of argument, or to require citation of authorities. See long list of cases Bobbs-Merrill Digest, vol. 4, page 127, subject Vendor and Purchaser, subtitle Possession.

The rule stated and supported by the cases is as follows: "Possession of land by one under claim of title, is notice to all the world of his claim." *Money* v. *Ricketts*, 62 Miss. 209. And this is true whether the claim be of legal or equitable character.

REED, J., delivered the opinion of the court.

Appellants, creditors of J. L. Posey, filed their bill in chancery against appellees, seeking to set aside as fraudulent conveyances of property, certain instruments executed by him, being a deed of trust to a son, a deed of conveyance to another son, and a deed to his wife, claiming that they were for the purpose of defrauding appellants as creditors.

On August 21, 1911, appellees filed their answer to the bill. On November 13, 1911, the complainants had the case set down for final hearing on the issue docket upon

bill and answer. No proof was taken in the case. The chancellor, upon the hearing, dismissed the bill. He, was correct in doing so. The answer presented fully and in detail a denial to the allegations of the bill. When it was set down by complainants, it was taken as true. Section 603, Code of 1906.

*Affirmed.*

### ON SUGGESTION OF ERROR.

This case was affirmed in October 20, 1913. In the opinion reported in 63 South. 224, we stated that the chancellor was correct in dismissing the bill, for the reason that the case had been set down for final hearing by the complainant upon bill and answer, only, no proof having been taken, on a date which then appeared to us to be before the expiration of the time allowed for taking testimony, and that the answer presented a full denial of the allegations of the bill.

In the suggestion of error it is pointed out that, while the answer was filed on August 21, 1911, in the order rendered on July 4, 1911, overruling the demurrer, defendants were given sixty days in which to answer the bill, as of that term, and also that after the cause was set down for final hearing on November 13, 1911, it was, on November 16, 1911, by order of the court, taken under advisement to be decided by the chancellor in vacation; and afterwards, by order dated December 18, 1911, remanded to rules, with permission to either party to take testimony. This we overlooked in our examination of the record in the former consideration of this case.

The final decree shows that the cause was heard upon bill and answer, no proof being taken by either complainants or defendants. The record does not show upon whose direction the cause was set down for final hearing. It appears from the final decree that complainants abandoned their efforts for cancellation of all the several conveyances, except the deed executed to Mrs. M. F.

Posey, by J. L. Posey, her husband, conveying a house and lot in the town of Philadelphia, Miss.   The contest in this case is confined to that property.

On January 15, 1910, J. L. Posey executed a deed to his wife, Mrs. M. F. Posey, conveying to her the property involved.   This deed was not filed for record until April 23, 1910.   In the meantime, on February 15, 1910, the Austin Clothing Company obtained a judgment in the circuit court of Neshoba county against J. L. Posey for three hundred and nineteen dollars and eighty-five cents and costs, seventeen dollars and ninety cents, which judgment was enrolled on March 1, 1910.   The rendition and enrollment of this judgment is alleged in the bill and also fully set forth in Exhibit A thereto.   It will be seen that the judgment was a valid and subsisting lien against property owned by J. L. Posey before the deed which he made to his wife was filed for record.   A conveyance of land between husband and wife is not valid as against third persons unless it is duly filed for record, in such manner as a mortgage or deed of trust is required to be filed.   Possession of the property is not equivalent to filing the instrument for record.   Sections 2522, 2787, Code of 1906.

A closer inspection of the bill and answer convinces us that all of the material averments of the bill are not fully and specifically answered by the defendants.   We do not find that the allegations in the bill, showing that the Austin Clothing Company had an enrolled and valid judgment lien before the deed from J. L. Posey to his wife became effective by being filed for record, are fully and specifically denied.   In truth, after re-reading the pleadings, we fail to find in the answer any sufficient defense to the claim of the Austin Clothing Company that its judgment is a first and valid lien on the property. Answers to bills in chancery should be full, direct, and explicit.   Section 584 of the Code of 1906 requires that "the defendant shall answer fully all the allegations of

the bill without being specially interrogated," and also provides that "all matters of fact averred in the bill and not denied by the answer otherwise than by the general traverse, may be taken at the hearing as admitted." We do not find that the allegations of the answer are adequate to show any title, legal or equitable, in Mrs. Posey, sufficient to defeat the claim of the Austin Clothing Company, a creditor holding a judgment lien, enrolled prior to the filing for record of the deed from her husband.

It is contended by counsel for appellees that the answer, sworn to, was effective proof of the defense of equitable title in Mrs. Posey, on the hearing of this case upon bill and answer. The matters set up in the answer, as such defense, are affirmative. The burden of proving all affirmative allegations in an answer devolves upon the respondent. *Wofford* v. *Ashcraft*, 47 Miss. 641; *Osborne* v. *Crump*, 57 Miss. 622. It was incumbent upon appellees to prove such affirmative matters. Unless proved they were unavailing. No proof was adduced to establish the defense. The answer, though duly sworn to, is not the proof required. The assertion of the new and affirmative matter in the answer was not proof thereof. *Brooks* v. *Gillis*, 12 Smedes & M. 538; *Miller* v. *Lamar*, 43 Miss. 383; *Park* v. *Bamberger*, 52 Miss. 565; *Rodd* v. *Durbridge*, 53 Miss. 694; *Dyer* v. *Williams*, 62 Miss. 302.

All of the judgments in favor of the other creditors, complainants with Austin Clothing Company in the original bill, were rendered and enrolled after the deed from J. L. Posey to his wife was filed for record. The conveyance was effectual as to all these liens.

The record discloses that the residence property in Philadelphia conveyed by J. L. Posey to his wife is not now claimed by him to be exempt as a homestead. In his answer he claims that the tract of land which is situated in the country is his homestead.

The suggestion of error is sustained, and the decree of the chancellor in so far as it affects the claim of the

Austin Clothing Company is reversed, and judgment will be entered here in favor of the Austin Clothing Company subjecting the house and lot in the town of Philadelphia to its judgment lien.

*Reversed.*