AUSTIN CLOTHING COMPANY *v.* MRS. M. F. POSEY.

[64 South. 6-5.]

EQUITY. *Relief. Conformity to pleading. Paramount injunction.*
    Where a bill in chancery prays that a temporary injunction be
    issued restraining the sale of property under execution until the
    title to the same can be settled in a chancery suit then pending
    and that on a final hearing the injunction bill be made a part
    of the suit then pending in the chancery court, it was error for
    the chancellor, upon motion to dissolve the temporary injunction
    granted to stay the sale, to make it permanent, since there was
    no prayer for such relief in the bill.

APPEAL from the chancery court of Neshoba county.
HON. J. F. McCOOL, Chancellor.

On suggestion of error, former opinion overruled and
decree reversed and remanded.

The facts are fully stated in the opinion of the court.

*Huddleston & Austin,* attorneys for appellant.

*G. E. Wilson,* attorney for appellee.

REED, J., delivered the opinion of the court.

Upon the original hearing, this case was affirmed. The
opinion was rendered October 20, 1913, and is reported in
63 So. 224.

In the suggestion of error it is contended that the chan-
cellor erred in making the injunction perpetual. Our at-
tention has been directed to the prayer in the bill of com-
plaint. We quote from it as follows: "Wherefore, the
premises considered, she prays that a temporary writ of
injunction issue restraining the sale of the said property
under said execution until the title to the same can be
settled in the chancery suit now pending. . . . And
upon a final hearing of this cause she prays that this in-

junction bill be made a part of the suit already pending in the chancery court, and that all right, title, or interest the said Austin Clothing Company has or may have to enforce its judgment against said property be forever canceled and held for naught.''

It will be seen that appellee only sought a temporary injunction. She only desired the sale of the property enjoined till the suit, then pending, touching the title to the property, was concluded. It is recited in the decree that the hearing before the chancellor was, upon motion to dissolve the temporary injunction, granted to stay the sale of the property. He could have overruled the motion and continued the temporary injunction; but he erred in making the injunction perpetual. The decree says that the prayer of the bill is sustained. There is nothing in the prayer asking for perpetual injunction. The injunction can only be continued till the title is settled by the ending of the suit. The suggestion of error as to this point is well taken.

Reversed and remanded for decree in conformity with this opinion.

*Reversed and remanded.*